**Robert C. STIER, Plaintiff,**

v.

**PARK PONTIAC, INC., a corporation, et al., Defendants.**

**Civ. A. No. 74–129–CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

March 24, 1975.

Marvin W. Masters and Gregory W. Evers, Charleston, W. Va., for plaintiff.

Louie A. Paterno, Jr., Charleston, W. Va., for defendants Park Pontiac and James McCormick.

Paul N. Bowles and Roger W. Tompkins, Charleston, W. Va., for defendants Bob Peden Chevrolet and Robert Peden.

Wilbur D. Webb, Spencer, W. Va., for defendant Lakin S. Crihfield.

Parrish E. McKittrick, St. Albans, W. Va., for defendant Russell Kessinger.

## MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

Plaintiff's complaint in this action is based on provisions of the law relating to motor vehicle odometer tampering, enacted by the Congress of the United States in 1972 as a part of the Motor Vehicle Information and Cost Savings Act. 15 U.S.C. §§ 1901–1991. The Court's jurisdiction is based on 15 U.S.C. § 1989, providing as follows:

§ 1989. Civil actions to enforce liability for violations of odometer requirements; amount of damages; jurisdiction; period of limitation.

(a) Any person who, with intent to to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the suf of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises. (Pub.L. 92–513, Title IV, § 409, Oct. 20, 1972, 86 Stat. 963.)

The Act provides, in §§ 1982, 1984, and 1988, as follows:

§ 1982. Definitions.

As used in this subchapter—

(1) The term "odometer" means an instrument for measuring and recording the actual distance a motor vehicle travels while in operation; but shall not include any auxiliary odometer designed to be reset by the operator of the motor vehicle for the purpose of recording mileage on trips.

. . . . . .

§ 1984. Unlawful change of mileage indicated on odometer.

It is unlawful for any person or his agent to disconnect, reset, or alter the odometer of any motor vehicle with the intent to change the number of miles indicated thereon.

Pub.L. 92–513, Title IV, § 404, Oct. 20, 1972, 86 Stat. 962.

§ 1988. Disclosure requirements upon transfer of ownership of motor vehicle; promulgation of rules; violations.

(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

Pub.L. 92–513, Title IV, § 408, Oct. 20, 1972, 86 Stat. 962.

The rules prescribed by the Secretary of Transporation, pursuant to § 1988(a),

are found in 49 C.F.R., Part 580, and provide in pertinent parts as follows:

§ 580.1 Scope.

This part prescribes rules requiring the transferor of a motor vehicle to make written disclosure to the transferee concerning the odometer mileage and its accuracy, as directed by section 408(a) of the Motor Vehicle Information and Cost Savings Act, Public Law 92–513.

§ 580.2 Purpose.

The purpose of this part is to provide each purchaser of a motor vehicle with odometer information to assist him in determining the vehicle's condition and value.

§ 580.3 Definitions.

All terms defined in sections 2 and 402 of the Act are used in their statutory meaning. Other terms used in this part are defined as follows:

"Transferor" means any person who transfers his ownership in a motor vehicle by sale, gift, or any means other than by creation of a security interest.

"Transferee" means any person to whom the ownership in a motor vehicle is transferred by purchase, gift, or any means other than by creation of a security interest.

§ 580.4 Disclosure of odometer information.

Except as provided in § 580.5—

(a) Before executing any transfer of ownership document, each transferor of a motor vehicle shall furnish to the transferee a written statement signed by the transferor, containing the following information:

(1) The odometer reading at the time of transfer; and, unless provided elsewhere on a transfer document integal with the odometer disclosure;

(2) The date of the transfer;

(3) The transferor's name and current address; and

(4) The identity of the vehicle, including its make, model, and body type, its vehicle identification number, and its last plate number.

(b) In addition to the information provided under paragraph (a) of this section, the statement shall refer to the Motor Vehicle Information and Cost Savings Act and shall state that incorrect information may result in civil liability under it.

(c) In addition to the information provided under paragraph (a) of this section, if the transferor knows that the odometer reading differs from the number of miles the vehicle has actually traveled, and that the difference is greater than that caused by odometer calibration error, he shall include a statement that the actual mileage is unknown.

(d) If a document provided under the laws or regulations of the State in which the transfer occurs contains the statements required by paragraphs (a), (b), and (c) of this section, the transferor may make the disclosure required by this section either by executing the State document or by executing the disclosure form specified in § 580.6.

(e) If there is no State document as described in paragraph (d) of this section, the transferor shall make the disclosure required by this section by executing the disclosure form specified in § 580.6.

Plaintiff purchased a 1971 used automobile from defendant James McCormick, acting as agent for seller, defendant Park Pontiac, Inc. Park Pontiac, Inc., had purchased the automobile from defendant Bob Peden Chevrolet, Inc. Bob Peden Chevrolet, Inc., had purchased the automobile from defendant Lakin S. Crihfield. In the sale of the vehicle by Park Pontiac, Inc., to plaintiff, the odometer reading, claimed in this action to have been changed and the product of tampering, was certified by defendant Russell Kessinger, an agent of Park Pontiac, Inc. In the sale by Bob Peden Chevrolet, Inc., the odometer reading

was certified by defendant Bob Peden, an agent of Bob Peden Chevrolet, Inc. When defendant Crihfield sold the used automobile to Bob Peden Chevrolet, Inc., he certified that the "odometer mileage indicated on the vehicle was 17,688." During these transactions the West Virginia state inspection sticker on the vehicle's windshield indicated the vehicle's mileage was recorded as 54,366 miles traveled.

The odometer tampering law is relatively new and judicial interpretations and applications of the statute are few. The complaint is found to state a justiciable case or controversy under the statute, but does not seek a declaratory judgment as to the meaning and application of the law. 28 U.S.C. §§ 2201, 2202. However, in pre-trial developments, preliminary to discovery and a jury trial in the case, all parties have stipulated assumed facts and have submitted them to the Court for a determination of issues of liability under provisions of the law.

The intent of the Congress is expressed in part in 15 U.S.C. § 1981, as follows:

§ 1981. Congressional findings and declaration of purpose.

The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.

Pub.L. 92–513, Title IV, § 401, Oct. 20, 1972, 86 Stat. 961.

The word "person" as used in various sections and provisions of the law means and includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1, as amended. The word "person" will include transferors and transferees, as used in the statute, and agents of firms and corporations acting in the scope of their employment.

The law provides, in § 1988(b) as above quoted, that "It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules." The "rules" refer to the rules promulgated by the Secretary of Transportation, in part quoted above.

The language, "knowingly give a false statement to a transferee in making any disclosure required by such rules", is significant with reference to the issues of liability now before the Court. The stipulations assume that all defendants in the action knowingly acted. The intent of the Congress on this provision of the law is in part helpfully expressed in Senate Report No. 92–413, as recorded in U.S.Code Congressional and Administrative News (1972), pages 3971–3972, in the following language:

Section 408 makes it a violation of the title for any person "knowingly" to give a false statement to a transferee. This section originally allowed a person to rely completely on the representations of the previous owner. This original provision created a potential loophole, however. For example, a person could have purchased a vehicle knowing that the mileage was false but received a statement from the transferor verifying the odometer reading. Suppose an auto dealer bought a car with a 20,000 mile odometer verification but any mechanic employed by that auto dealer could ascertain that the vehicle had at least 60,000 miles on it. The bill as introduced would have permitted the dealer

to resell the vehicle with a 20,000 mile verification. In order to eliminate this potential loophole the test of "knowingly" was incorporated so that the auto dealer with expertise now would have an affirmative duty to mark "true mileage unknown" if, in the exercise of reasonable care, he would have reason to know that the mileage was more than that which the odometer had recorded or which the previous owner had certified.

Section 408, as mentioned in the Senate Report, is § 1988 of the Act or statute here under consideration.

■■ It is clear, upon the assumed facts stipulated in this action, that each of the named defendants is a person under 15 U.S.C. § 1989, as above quoted, and that each of them was engaged in activity the Congress intended to forbid. The language in § 1989 "any person . . shall be liable" indicates no intent to limit liability to the immediate seller of a motor vehicle, but to extend liability to and impose liability upon any person violating the law. As observed by the Court in Delay v. Hearn Ford, 373 F. Supp. 791, at 796 (D.S.C.1974),

> The purpose of the statute is to punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the federal courts.

Application of this principle, in the case now before the Court, would reward plaintiff for discovering the alleged tampering and for bringing "it to the attention of the federal courts."

■ Just, effective and practical interpretations and applications of the law are contemplated. Certainly the Congress did not intend that each subsequent wrongdoer in a chain of violations might hold liable each prior wrongdoer in the chain linked to a single, initial odometer tampering. To allow such recoveries would permit violators in the later links of the deceptive chain to profit from earlier violators, when all are guilty of the same deceptive acts. Moreover, later violators would tend to ignore prior violations of others and to perpetuate the wrongdoing, only, upon their own guilt detection, being moved to *discover* the violations and to report them to the courts. Further, to allow such recoveries would mean that the original violator, although perhaps no more culpable than subsequent violators, could be burdened with an undetermined amount of liability depending on the, length of the deceptive chain. Also, it is reasonable to conclude that a subsequent violator in the chain approves and ratifies the acts of previous wrongdoers when he continues the deception instead of discovering and reporting it, and consequently in equity and justice he should not be allowed to profit from violations of others whose acts he has approved and ratified.

Upon mature consideration of the provisions of the law, the expressed intent of the Congress, and principles of justice and equity applicable herein, the Court finds and concludes, in response to the stipulations submitted by the parties:

■ 1. Legal liability to plaintiff is not limited to defendant Park Pontiac, Inc., the immediate seller of the automobile. Each of the defendants, under the assumed facts as stipulated, may be held liable by plaintiff for the statutory recoveries allowed.

■■ 2. Liability does not lie exclusively against a corporate seller, but also against the corporation's agent or agents who may be found guilty of violating the law. A corporation acts by and through agents. See I Devitt and Blackmar, Federal Jury Practice and Instructions, § 11.13 (1970).

3. Each seller of the automobile in the chain of sales in violation of the statute is not liable to subsequent wrongdoers in the chain.

4. These findings and conclusions are limited and responsive to the stipulations, embracing assumed facts and issues of law, as filed by counsel in this action on December 31, 1974.

The parties will understand that the Court, in this Memorandum Order, does not find and conclude that any of the defendants is liable to plaintiff in this action. Any such findings and conclusions will necessarily depend upon discovery and other developments of evidence at the jury trial upon the merits as requested by plaintiff herein.

The Clerk is directed to mail by United States mail a certified copy of this Memorandum Order to all counsel of record in the action.