MARCUS, Justice.
This is an action brought under Title IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981-1991. Rene Chapotel purchased a 1972 Lincoln Continental automobile with an indicated mileage on the odometer of approximately 33,-000 miles from Bailey Lincoln-Mercury, Inc., who had, in turn, acquired the automobile from Dixieland Auto Sales, Inc., with a similar odometer reading. After purchase of the automobile, Chapotel became suspicious of scratches on the odometer and subsequent investigation revealed that Dixieland had come into possession of this automobile with the odometer originally registering 62,358 miles. George Vulevich, Jr., president of Dixieland, admitted that the odometer had been altered while the vehicle was in the possession of Dixieland.
Chapotel instituted this suit against Bailey Lincoln-Mercury (not now before this court), Dixieland, and Vulevich. In his petition, plaintiff alleged that the odometer had been turned back by Vulevich while the vehicle was in possession of Dixieland in violation of 15 U.S.C. § 1984.[1] Plaintiff also alleged that defendants violated 15 U.S.C. § 1988[2] which imposes liability on a transferor who conveys ownership of a motor vehicle where the odometer is known to the transferor to be different from the number of miles the vehicle has actually traveled. Plaintiff sought three times the amount of actual damages ($4,346.55) from *453 each defendant, together with costs of the action and reasonable attorney fees as authorized by 15 U.S.C. § 1989.[3] Defendant Bailey Lincoln-Mercury filed an answer and third party demand against Dixieland. Defendants Dixieland and Vulevich filed an answer generally denying the allegations contained in plaintiff’s petition but in further answering admitted that the odometer was moved back while the vehicle was in possession of Dixieland as alleged in plaintiff’s petition. Dixieland further admitted that Dixieland, through its president, Vule-vich, had offered to settle with plaintiff for the sum of $1,500 which offer was subsequently withdrawn by defendant corporation after plaintiff had indicated that the offer was unacceptable.
Plaintiff subsequently filed a motion for summary judgment against Dixieland and Vulevich supported by affidavits establishing liability under the federal statute. Defendants filed an opposing affidavit again admitting that the odometer was altered while the vehicle was in possession of Dixieland but denying that the odometer was altered personally by Vulevich. The trial judge rendered a summary judgment in favor of plaintiff and against defendants Dixieland and Vulevich, in solido, awarding damages in the sum of $1,500 with interest from judicial demand and all costs. No attorney fees were allowed. The trial judge noted in his reasons for judgment that he considered the “intent of the statute was not to allow multiple recovery against a corporate defendant and its agent, who are, rather, liable in solido for the single penalty.”
. The court of appeal affirmed finding that solidary liability was permitted under the federal statute and that plaintiff was not entitled to attorney fees.[4] On application of plaintiff, we granted a writ to review the correctness of this decision.[5]
Plaintiff contends that the courts below erred in not imposing separate and individual penalties in the amount of $1,500 (or a total of $3,000) against Dixieland and Vulevich. Plaintiff also contends that the courts below erred in refusing to award reasonable attorney fees. We first address the issue as to whether imposition of solida-ry liability was proper under the federal statute.
The pleadings and affidavits in connection with plaintiff’s motion for summary judgment clearly show a violation of the federal odometer statute while the automobile was in possession of Dixieland. This fact is undisputed. Moreover, we consider that the actions of defendants in altering the odometer and transferring the ownership of the vehicle were part of the same transaction resulting in the violation of the federal statute in question. We also find that solidary liability was correctly imposed.[6] Plaintiff’s theory would have this court impose separate liability, without benefit of contribution or indemnification, upon Dixieland and Vulevich in spite of the fact that a corporation can only act by and *454 through its agents and employees. If plaintiff’s argument were accepted, suits against car dealers who chose to do business in a corporate form would, if successful, inevitably result in multiple violations of the statute and multiple recoveries: one against the corporation and the others against the corporate employees or agents personally involved in the violation. Hence, to grant plaintiff separate and individual recoveries in the instant case would effectively abolish the minimum statutory recovery of $1,500 established by 15 U.S.C. § 1989. Because section 1989 authorizes the recovery of actual damages, and not penalties, we do not believe that Congress intended to impose multiple recoveries for this violation of the statute.[7]
Next, we address the issue as to whether plaintiff is entitled to recover attorney fees under the federal statute.
In holding that plaintiff was not entitled to attorney fees, the court of appeal noted that section 1989 allowed an award of attorney fees “in the case of any successful action to enforce the foregoing liability.” Therefore, since plaintiff obtained a judgment only for the amount of defendants’ original settlement offer, plaintiff’s action had not been “successful” within the meaning of the statute because he gained nothing by it.
First, we reject the notion that this was an “unsuccessful and fruitless” action as stated by the court of appeal. The plaintiff, in his original petition, sought much more than the statutory minimum he was finally awarded. In his motion for summary judgment, plaintiff sought that liability be imposed separately against defendants Dixieland and Vulevich rather than solidar-ily. If successful, this would have resulted in a double recovery ($3,000) of the minimum figure ($1,500). The issues advanced in this litigation raised serious questions of law and of the proper interpretation of a relatively new federal statute. It should also be noted that defendants’ settlement offer was made outside of court and was eventually withdrawn. Thus, although plaintiff did not recover the total amount of damages sought, it would be improper to characterize this action as unsuccessful.
The policy of the federal odometer statute is “to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers.” 15 U.S.C. § 1981. In furtherance of this policy, section 1989 provides that any person who violates the requirement imposed under this title (15 U.S.C. §§ 1981 et seq.) shall be liable in an amount set forth therein and in the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees. Accordingly, we consider the award of reasonable attorney fees to be mandatory in the case of any successful action to enforce liability under the statute. In the instant case, we find that plaintiff was successful in this action even though he only recovers an award equal to an amount previously offered in an informal and withdrawn settlement offer.[8] Therefore, the court of appeal erred in denying an award of reasonable attorney fees to plaintiff.
*455 The pleadings and affidavits filed in the record adequately establish the nature and amount of services rendered by plaintiff’s counsel. We find that an award of five hundred dollars as attorney fees would be reasonable under the circumstances here presented.
DECREE
For the reasons assigned, the judgment of the court of appeal affirming the district court is amended to include five hundred dollars as attorney fees. As amended, the judgment of the court of appeal is affirmed.

. 15 U.S.C. § 1984 provides:
No person shall disconnect, reset, or alter or cause to be disconnected, reset, or altered, the odometer of any motor vehicle with intent to change the number of miles indicated thereon.

. 15 U.S.C. § 1988 provides:
(a)Not later than 90 days after the date of enactment of this Act [enacted Oct. 20, 1972], the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:
(1) Disclosure of the cumulative mileage registered on the odometer.
(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled. Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.
(b) No transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule.
(c) No transferee who, for purposes of resale, acquires ownership of a motor vehicle shall accept any written disclosure required by any rule prescribed under this section if such disclosure is incomplete.
The rules referred to in section 1988 are set forth in 49 C.F.R. § 580.1, et seq.

. 15 U.S.C. § 1989 provides in pertinent part:
(a) Any person who, with intent to defraud, violates any requirement imposed under this title [15 USCS §§ 1981 et seq.] shall be liable in an amount equal to the sum of—
(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and
(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

. 356 So.2d 615 (La.App. 4th Cir. 1978).

. 356 So.2d 1007 (La. 1978).

. We do not pass upon the question of whether multiple recoveries can be obtained against automobile transferors when there is a chain of successive transfers violative of section 1988. The issue is not before us. The federal jurisprudence addressing this issue is unsettled. Some cases hold that, in this situation, each vendor of a motor vehicle can be separately and individually liable to a plaintiff without benefit of contribution or indemnification. See Mataya v. Behm Motors, Inc., 409 F.Supp. 65 (E.D.Wis.1976); Steir v. Park Pontiac, Inc., 391 F.Supp. 397 (S.D.W.Va.1975). Contrary to these decisions is Duval v. Midwest Auto City, Inc., 425 F.Supp. 1381 (D.Neb.1977), wherein the court held that payment to the plaintiff by one co-defendant transferor would lessen liability of the other co-defendants.

. We note that in Steir v. Park Pontiac, Inc., 391 F.Supp. 397 (S.D.W.Va.1975), the court stated that, since a corporation acts by and through agents, liability would not lie exclusively against a corporate seller, but also against the corporation’s agent or agents who may be found guilty of violating section 1988. However, the court did not address the issue as to whether liability imposed would be solidary or separate and individual, without benefit of contribution or indemnification. Contrary to Steir, other cases have held that a corporate agent is not a transferor within the meaning of section 1988 and thus not liable with the corporate employer for violation of this section. See Romans v. Swets Motors, Inc., 428 F.Supp. 106 (E.D.Wis.1977); Coulbourne v. Rollins Auto Leasing Corp., 392 F.Supp. 1198 (D.Del.1975).

. In Kirkland v. Cooper, 438 F.Supp. 808 (D.S. C.1977), the court stated that the allowance of attorney fees was envisioned by Congress to encourage attorneys to aid in the enforcement of this statute, despite the fact that damages might not be of a large amount. See also Gimarc v. Neal, 417 F.Supp. 129 (D.S.C.1976). In Duval v. Midwest Auto City, Inc., 425 F.Supp. 1381 (D.Nev.1977), the trial court awarded attorney fees even though plaintiff had accepted from a co-defendant a sum in partial settlement in excess of the liability eventually established at trial.