Samuel A. GALANO, Jr., t/d/b/ ι Galano Motors, Plaintiff,

v.

McDONALD CHEVROLET-OLDSMOBILE, INC., Defendant.

Civ. A. No. 85–154.

United States District Court, W.D. Pennsylvania.

Sept. 30, 1986.

Samuel A. Galano, Jr., New Castle, Pa., for plaintiff.

Ruth Zittrain, Pittsburgh, Pa., John Martin, Martin & Young, Atlanta, Ga., for defendant.

### MEMORANDUM OPINION

TEITELBAUM, District Judge.

This is an action brought under 15 U.S.C. § 1989(a) to recover damages for an alleged odometer roll back. Plaintiff alleged that defendant, a used car dealer, rolled back the odometer on a 1979 Cadillac Fleetwood from over 68,000 miles to 37,300 miles. Plaintiff alleged that he discovered

that the odometer had been rolled back after the car was in an accident three days after he purchased it.

Defendant moved for summary judgment. At the time of the accident plaintiff, who is also a used car dealer, was transporting the car for resale. Plaintiff admitted that at the time of the accident the odometer read 17,704 miles. Thus, defendant contends that even if it rolled back the odometer as plaintiff alleged, plaintiff is nevertheless barred from recovery because of his own illegal acts in rolling back the odometer.

The reported odometer cases provide some guidance in the disposition of defendant's motion. In *Stier v. Park Pontiac, Inc.*, 391 F.Supp. 397 (S.D.W.V.1975) the odometer was rolled back, apparently by the original owner. The car passed through two used car dealers and was sold to plaintiff. Each dealer knew of the roll back. The court held that subsequent wrongdoers who ratify and approve the initial wrong cannot recover from prior wrongdoers. *Stier* is factually distinguishable from the present case: *Stier* involved a single wrong ratified by subsequent wrongdoers and the present case involves a separate wrong committed by a subsequent wrongdoer. However, the *Stier* court's reluctance to let a guilty party profit would suggest that the *Stier* court would find the present action barred.

In *Shipe v. Mason*, 500 F.Supp. 243 (E.D. Tenn.1978), aff'd mem., 633 F.2d 218 (6th Cir.1980), the defendant, a used car dealer charged with rolling back the odometers on three cars, argued that the plaintiff, also a used car dealer, required the defendant to roll back odometers as a condition to plaintiff's purchase of the cars. The court found the purpose of the Act was to protect subsequent purchasers as well as the immediate purchaser. The court therefore held that the defendant's argument was not a defense. At first blush it might seem that the *Shipe* court's concern with subsequent purchasers beyond plaintiff would suggest that the *Shipe* court would permit the present action to proceed. However,

close scrutiny of the facts in *Shipe* casts doubt on this conclusion.

In *Shipe*, after holding that defendant's argument that plaintiff required the defendant to roll back odometers as a condition to plaintiff's purchase of the cars was not a defense, the court went on to find that the plaintiff had canceled, or offered to cancel, his contracts for resale on discovering the roll backs. Thus, in *Shipe* the defendant had not proved that plaintiff had required the defendant roll back the odometers. It is far from clear that the *Shipe* court would have concluded that plaintiff's wrongdoing was not a defense had the wrongdoing been proved.

In *Kantorczyk v. New Stanton Auto Auction*, 433 F.Supp. 889 (W.D.Pa.1977) it was contended that the plaintiff also had violated the odometer act in a subsequent resale of the car. The court found the purpose of the Act was to punish tamperers and reward purchasers who discover tampering and bring it to the attention of the courts. The court therefore held the plaintiff was permitted to recover. As with *Shipe*, at first blush it might seem that the *Kantorczyk* court's concern with punishment would suggest that the *Kantorczyk* court would permit the present action to proceed. Again close scrutiny of the facts in *Kantorczyk* casts doubt on this conclusion.

In *Kantorczyk* the court characterized plaintiff's conduct as "perhaps innocent [ ]" and refused to decide whether it violated the Act. It is far from clear that the *Kantorczyk* court would have permitted plaintiff to recover had it found that plaintiff intentionally violated the Act.

In the present case the facts establishing plaintiff's violation of the Act have not been controverted. Following *Stier* the Court concludes plaintiff's violation of the Act precludes him from recovery. Accordingly defendant's motion for summary judgment will be granted.