William K. ALDRIDGE, Plaintiff,

v.

William Avis BILLIPS, et al., Defendants.

Civ. A. No. 85–0172–H.

United States District Court, W.D. Virginia, Harrisonburg Division.

March 18, 1987.

Daniel Schorsch, Waynesboro, Va., for plaintiff.

Thomas C. Elder, Staunton, Va., for Brown.

W.F. Vellines, Jr., Vellines, Garrison, Cobbs, Goodwin & Glass, Staunton, Va., for Turnpike Ford, Inc.

William Avis Billips, pro se.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This is an action for odometer fraud, brought under the provisions of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991 (1982). Jurisdiction is proper under 15 U.S.C. § 1989. The plaintiff has also alleged a violation of Va. Code § 46.1–15.1 (1986), and seeks treble damages and attorney fees under Va.Code § 46.1–15.3 and 15 U.S.C. § 1989. The plaintiff, William K. Aldridge, has filed for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Of course, this court must assess the evidence submitted in the light most favorable to the party opposing the motion, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), and to give that party the benefit of all favorable legal theories invoked by the evidence so considered, *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979). In this case the facts are not in dispute, except for the inferences to be drawn therefrom, since the defendants concede that they have left a "paper trail" that is incriminating.

The vehicle in question, a 1976 Ford pick-up truck, was originally owned by defendant William A. Billips, who had purchased it in 1979. The Virginia title to the truck, which was issued to Billips on November 9, 1979, stated on its face that the vehicle had 62,000 miles on it at the time the title was issued. On September 13, 1984, defendant Billips sold the truck to defendant Turnpike Ford, Inc., located in West Virginia, at which time he transferred the possession of the title to Turnpike Ford. At the time of the sale, defendant Billips did not designate Turnpike Ford as the transferee of the vehicle, but instead signed the transfer of ownership section of the Virginia automobile title in blank, leaving the rest of the information required by the title blank. At no time thereafter did Turnpike Ford complete the title as legally required. Some time during the week of September 13–18, 1984, defendant Larry D. Brown, d/b/a Auto Buying Service, gained possession of the truck. West Virginia odometer disclosure statements filled in over defendant Billips' signature as seller to Turnpike Ford on September 14, 1984, and made over the signature of the agent of Turnpike Ford as seller to Auto Buying Service on September 18, 1984, both list the odometer reading at time of transfer and the actual mileage as 47,778 miles. The federal odometer disclosure statements were filled out in the same manner. However, defendant Billips has subsequently certified in a state circuit court proceeding that the actual mileage of the truck at the time of its transfer to Turnpike Ford was approximately 146,500 miles. On January 14, 1985, when Brown applied for a new Virginia title he certified that the mileage on the vehicle was 66,211 miles. However, Brown also inserted into the Virginia assignment of title by registered owner form over the signature of Billips that as of November 1, 1984, the mileage was also 66,211 miles and that the purchaser was Auto Buying Service. On May 18, 1985, Brown sold the truck to the plaintiff, at a price of $4,250, at which time Brown certified on the bill of sale that the odometer reading on the truck was 68,478 miles. At the time of sale, Brown allegedly represented to the plaintiff that he had used the truck "around home", which allegation has not been refuted by Brown. The plaintiff's complaint presents other allegations of

fraud and relates various mechanical difficulties that he has experienced with the truck, but for the purposes of this review, such allegations will not be considered as they are properly questions of fact to be decided by a jury, as they are in dispute. Similarly, this court cannot decide the issue of actual odometer tampering under Va. Code § 46.1–15.1, this issue requiring jury determination.

■ Under the requirements of 15 U.S.C. § 1988 (1982) and 49 C.F.R. §§ 580.-1, et. seq., it is clear that sellers of motor vehicles are required to provide written disclosure to the buyer of the cumulative mileage registered on the odometer or that the actual mileage is unknown, if the odometer reading is known to be different from the number of miles the vehicle has actually traveled. If in the exercise of reasonable care the seller should have known that the odometer has turned over, the transferor must disclose this fact to the purchaser. *Nieto v. Pence,* 578 F.2d 640 (5th Cir.1978). In *Nieto* the court held that intent to defraud may be found where a 10–year old pick-up truck had an odometer reading of 14,736 miles, and the dealer who had been in the auto business approximately twelve years admitted he would be suspicious of such a low reading. This court would be reluctant to hold, as a matter of law, that the defendants should have known that a 9–year old truck with 47,778 miles indicated a suspiciously low mileage. However, with the exercise of minimal care, the defendants' could have discovered that the odometer reading they were certifying was false, had they inspected Billips' title which showed a mileage of 62,000 miles in 1979.

If the transferor has a reason to know by the exercise of reasonable care that the odometer has turned over and he does not inform the purchaser, the majority of cases hold that intent to defraud may be inferred from that violation of the Act and regulations. *Jones v. Fenton Ford,* 427 F.Supp. 1328 (D.Conn.1977); *Stier v. Park Pontiac, Inc.,* 391 F.Supp. 397 (S.D.W.Va.1975); *Delay v. Hearn Ford,* 373 F.Supp. 791 (D.S.C. 1974). *See also Ryan v. Edwards,* 592 F.2d 756 (4th Cir.1979), in which the court

held that merely marking mileage as unknown constitutes a violation when the seller has no reason to believe the odometer has functioned improperly except for "turning over". The court found a duty to identify the cumulative mileage as 100,000 plus the number actually appearing on the odometer. The court also held that constructive knowledge, recklessness, or even gross negligence in determining and disclosing actual mileage may be sufficient to support a finding of intent to defraud, remanding that issue to the district court for determination by a jury.

■ In fact, as the court in *Jones* indicates, intent to defraud may be found despite the fact that actual knowledge of violation of § 1988 has not been proven. The court stated,

[C]ivil liability may be imposed where it is proved that a defendant's statements were made recklessly or carelessly, without knowledge of their truth or falsity, or without reasonable grounds for belief in their truth, especially in a case where (1) the defendant was under a duty to have the knowledge in question, (2) a relation of trust or expert reliance existed, (3) a statement was made to induce a business arrangement, or (4) the knowledge or information in question was within the special province of the defendant. Such conditions being met, it does not matter whether or not the declarant actually believed the statement (or statements) in question to be true.

*Id.* at 1334 (citations omitted).

■ A majority of courts have found an intent to defraud when the transferor "recklessly disregarded" obvious indications that a mileage disclosure was false. *Tulsa v. Omaha Auto Auction, Inc.,* 712 F.2d 1248 (8th Cir.1983); *Nieto v. Pence,* 578 F.2d 640 (5th Cir.1978); *Kantorczyk v. New Stanton Auto Auction, Inc.,* 433 F.Supp. 889 (W.D.Pa.1977); *Huryta v. Diers Motor Co.,* 426 F.Supp. 1176 (D.Neb. 1977). Mere reliance on the odometer reading, in the face of other readily ascertainable information from the title and the condition of the truck constitutes a reckless disregard that rises to the level of intent to

defraud, as a matter of law. *Kantorcyzk, supra; Tusa, supra.* To make affirmative claims about mileage without knowledge is either intentionally deceitful or reckless, and therefore in violation of 15 U.S.C. § 1989. *Jones v. Fenton Ford, supra.*

■ The legislative history of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1988(a)(2) (1982), speaks primarily of odometers that have been tampered with or altered. Where a vehicle has traveled in excess of the mechanical limits of the odometer, Congress evidently intended that the seller should enter the total estimated mileage on the odometer form. *See* Sen.Rep. No. 413, October 28, 1971; 92nd Cong. 2nd Sess., 1972 U.S.Code Cong. & Admin.News, pp. 3960, 3971. The statute and the applicable regulation provide that if the transferor knows the odometer reading to be different from the number of miles the vehicle has actually traveled, the transferor must disclose that the actual mileage is unknown. 49 C.F.R. § 580.4(c). While this court must accept the defendants' allegations that they relied on the actual reading on the truck's odometer, for purposes of this motion, the practice of preparing odometer statements simply on the basis of the odometer reading and then failing to disclose that the actual mileage is unknown demonstrates a reckless disregard for the basic purposes of the Act as well as its specific requirements. An increasing body of case law makes clear that such recklessness rises to the level of fraudulent intent, and the court has no choice but to impose civil liability. *See, e.g., Jones, supra,* at 1334; *Kantorczyk, supra,* at 893.

■ For these reasons, it is the opinion of this court that both Turnpike Ford and Brown are liable for their fraudulent misrepresentations under U.S.C. § 1989.

However, Congress did not intend that the subsequent wrongdoer might hold liable each prior wrongdoer in a chain linked to the final violation, since, as the court noted in *Stier v. Park Pontiac, Inc.,* 391 F.Supp. 397, 401 (S.D.W.Va.1975):

> It is reasonable to conclude that a subsequent violator in the chain approves and ratifies the acts of previous wrongdoers when he continues the deception instead of discovering and reporting it, and consequently in equity and justice he should not be allowed to profit from violations of others whose acts he has approved and ratified.

Rather, liability is imposed upon each person in the chain, and the principal buyer may hold liable anyone in the chain of title who has violated the Act. Since there is some dispute whether or not Billips signed the odometer mileage statements in blank, summary judgment as to this defendant is precluded, a question of fact for the jury having been presented.

Defendants have argued that summary judgment is improper in the case at bar, since none of the cases upon which plaintiff relies were decided under summary judgment procedures.[1] However, as shown in *Kirkland v. Cooper,* 438 F.Supp. 808 (D.S. C.1977), summary judgment is a proper method of deciding an action for a seller's alleged violation of federal statutes governing automobile odometers, where the seller had in its possession documents which contradict the odometer mileage statements provided by the seller. As noted in *Kirkland,* a motion for summary judgment is proper and should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law, under Fed.R.Civ.P. 56(c).

---

1. In particular, the court notes that the Fourth Circuit in *Ryan v. Edwards,* 592 F.2d 756 (4th Cir.1979), held that the jury should have been allowed to find intent to defraud where the sellers had possession of documents listing mileage as higher than that disclosed. This court does not read *Ryan* as precluding summary judgment in the case at bar, since the posture of the case dictated a remand by the appellate court. In *Ryan,* the lower court had directed verdicts in favor of two defendants, and entered judgment notwithstanding the verdict for another, reversing a jury verdict. Apparently no motion for summary judgment was before the court, and the facts listed by the appellate court quite possibly were in dispute. *See Ryan, supra,* at 759.

■ While this court is generally reluctant to grant summary judgment, the defendants Brown and Turnpike Ford have admitted possession of the original title showing a mileage of 62,000, which was greater that the 40,778 miles recorded by them, and such documentary evidence alone creates liability. Moreover, the documentary evidence before the court indicates a rash disregard for the proper steps required for completion of a certificate of title. The "title jumping" which is evident from the certificate of title which lists Billips as seller to Brown, and which fails to reveal the ownership of and sale by Turnpike Ford, is one such example. Likewise, the apparent certification over Billips' signature that the truck odometer read 66,211 on both November 1, 1984, and January, 1985, which action could only have been taken by Brown or his agents, evidences a similar disregard. As plaintiff's counsel points out, in order to reach that figure by November 1, the said vehicle would have to have been driven approximately 436 miles per day in the preceding six weeks, despite the fact that Brown allegedly drove the vehicle only "around town". While such facts are not relevant to this court's decision, they tend to support this court's conclusion that courts have been justified in inferring an intent to defraud simply from reckless preparation of paperwork. As noted in *Nieto* and *Tusa*, if a person lacks knowledge that an odometer disclosure statement is false only because he displays a reckless disregard for the truth, an inference of intent to defraud is no less compelling because the seller has closed his eyes to the truth.

■ Plaintiff has asked for treble compensatory damages, punitive damages, attorney fees, and costs, but has failed to proffer evidence of actual damages at this time. Of course, without actual knowledge, punitive damages may not be awarded for violations of § 1989, and this court is unwilling to grant summary judgment on plaintiff's allegations of actual odometer tampering and conspiracy to defraud the plaintiff. Therefore, an award of punitive damages is not justified at this time. Likewise, plaintiff has not yet filed any evidence regarding an application for attorney's fees. For that reason partial summary judgment shall be granted in favor of the plaintiff against defendants Turnpike Ford and Brown, in an amount to be set after further submissions to the court regarding evidence of actual damages and attorney's fees, and after a hearing on damages if requested by any party.

An appropriate Order shall this day issue.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day

## ADJUDGED AND ORDERED

that:

1. Partial summary judgment shall be, and it hereby is, granted in favor of the plaintiff against defendants Turnpike Ford, Inc. and Larry D. Brown, d/b/a Auto Buying Service under the provisions of 15 U.S.C. § 1989 (1982), for three times the amount of actual damages sustained or $1,500, whichever is the greater, together with attorneys fees and costs. The judgment amount is to be determined after further submissions and evidentiary hearing, if needed or requested by the parties. *Carnes v. U.S.*, 279 F.2d 378, (10th Cir.), *cert. denied*, 364 U.S. 846, 81 S.Ct. 88, 5 L.Ed.2d 69 (1960).

2. Within twenty (20) days after this order has been entered, plaintiff shall file an itemized statement of damages and attorneys' fees, together with supportive evidence sufficient to allow this court to determine actual damages and fees.

3. Within ten (10) days thereafter, defendants shall file any responsive briefs regarding the amount of damages claimed.

4. Within an additional ten (10) days, plaintiff shall file his reply brief, if any.