**Pam DAVIS, Appellant,**

v.

**Joe DICKERSON, Appellee,**

**and**

**Dickerson Ford–Lincoln Mercury, Inc., a corporation, Thomason Lumber Company, Inc., a corporation, and Earl J. Hayes, Defendants.**

**72,100.**

Court of Appeals of Oklahoma, Division No. 3.

Oct. 2, 1990.

Rehearing Denied Nov. 13, 1990.

Certiorari Denied Jan. 16, 1991.

Kenneth R. Farley, Idabel, for appellant.

Jim McClendon, Broken Bow, for appellee.

OPINION

GARRETT, Presiding Judge:

Pam Davis (Appellant) brings this appeal from the trial court's order which sustained the motion for summary judgment filed by Joe Dickerson (Appellee), individually, and dismissed him as a defendant in the case.

Appellant purchased a 1981 Lincoln Town Car from Dickerson Ford–Lincoln–

Mercury, Inc. (FLM Inc.). She contends Appellee and FLM Inc. certified that the mileage on the automobile was less than 41,000 miles, but that she later learned the odometer had "rolled over", and the mileage was actually 141,000 miles. She alleges she dealt directly with Appellee while negotiating the purchase and sale of the automobile.

Appellant learned from Appellee that the automobile had been previously owned by Thomason Lumber Company, Inc. (Thomason), and that Earl J. Hayes (Hayes) certified at the time the automobile was sold to FLM Inc. that the mileage was less than 41,000 miles. Appellant brought this action for odometer violations under 15 U.S.C. §§ 1981–1991 (Odometer Requirements), of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1901–91, against Appellee, FLM Inc., Thomason and Hayes, seeking trebel damages, punitive damages, attorney fees and costs. Appellee filed his motion for summary judgment, claiming he could not be liable to Appellant because he was not the transferor of the automobile to Appellant. He alleged the transferor was FLM Inc., and that he had only acted as the agent for FLM Inc. in the transaction. The trial court sustained the motion and entered judgment, dismissing him as a defendant.

■ Appellee moved to dismiss this appeal on the ground that the order of the trial court is not an appealable order. Although the order does not dispose of all of the issues as to the other defendants in the case, it does dispose of Appellant's cause of action against Appellee. The trial court's judgment thus affects a substantial right and would, if not appealed, prevent Appellant from obtaining a judgment against Appellee. See 12 O.S.1981 § 953. The order is final, and the motion to dismiss is denied.

In the order sustaining Appellee's motion for summary judgment, the trial court found there was no substantial controversy as to the following material facts:

A. The vehicle which is the subject of this action was sold to Dickerson Ford–Lincoln–Mercury, Inc., on January 13, 1985....

B. On March 20, 1985, ownership of the subject vehicle was transferred by Defendant Corporation to Plaintiff....

C. The Corporate Defendant executed the Odometer Mileage Statement.

The trial court found that Appellee was not the transferor of the vehicle and was not liable to Appellant for the damages alleged in her petition.

■ In his motion for summary judgment, Appellee contended that under the applicable federal law, 15 U.S.C. §§ 1981–89, and a line of federal cases,[1] the "transferor" of a vehicle is the party who has an ownership interest in the vehicle to transfer. Appellant acknowledges the holding in these cases, but contends the federal appellate courts are divided on this issue, citing *Alley v. Chrysler Credit Corporation*, 767 F.2d 138 (5th Cir.1985), and *Stier v. Park Pontiac, Inc.*, 391 F.Supp. 397 (S.D.W.Va.1975). *Stier*, which is relied upon in *Alley*, held that each defendant could be held liable and that liability did not lie exclusively against a corporate seller, but "also against the corporation's agent or agents who may be found guilty of violating the law." 391 F.Supp. at 402. "The word 'person' will include transferors and transferees, as used in the statute, and agents of firms and corporations acting in the scope of their employment." *Stier*, 391 F.Supp. at 401.

In the present case, Appellee dealt directly with Appellant and with Hayes. In his Answers to Interrogatories, Hayes stated that the automobile had 120,000 miles on it when delivered to FLM Inc., and that he had dealt directly with Appellee. In Appellant's Affidavit attached to her response to the motion for summary judgment, she stated that she dealt directly with Appellee when negotiating the purchase of the automobile. She stated the odometer showed

1. See *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226 (1st Cir.1980); *Duval v. Midwest Auto City, Inc.*, 578 F.2d 721 (8th Cir.1978).

approximately 41,000 miles, both before and after she took the automobile back to FLM Inc. for repair of the speedometer vacuum line, which he said was disconnected. Appellee assured her the automobile was in "tip-top condition".

We adopt the federal cases which hold that liability lies against a corporate seller and the corporation's agent, if found guilty of violating the law. To hold otherwise allows a corporate agent to violate the statute with impunity, without liability. A material issue of fact exists. Summary judgment was improper. Neither party has referred us to cases applying Oklahoma's Odometer Setting Act, 47 O.S.Supp.1982 §§ 12–501 et seq.

The judgment of the trial court is REVERSED. This case is REMANDED for further proceedings.

REVERSED AND REMANDED.

HUNTER, V.C.J., and HANSEN, J., concur.