Marty C. CHARNETSKY, Plaintiff,

v.

GUS PAULOS CHEVROLET, INC., Jim Stewart Auto and Western Surety Company, Defendant(s).

Civ. No. 89–C–505–S.

United States District Court, D. Utah, C.D.

Jan. 4, 1991.

Randall T. Gaither, Salt Lake City, Utah, for plaintiff.

David A. Goodwill, John N. Braithwaite, Scott F. Squire, Salt Lake City, Utah, defendant.

SAM, District Judge.

This court has before it defendant Gus Paulos Chevrolet's ("Gus Paulos") motion to dismiss and motion for summary judgment on defendant Jim Stewart Auto's ("Jim Stewart") cross-claim against Gus

Paulos. Both motions were heard before the court on November 17, 1990.

## I. BACKGROUND

Jim Stewart is the operator of an automobile dealership with its principal place of business in Bountiful, Utah. On or about January 13, 1988, Jim Stewart purchased a 1984 Chevrolet pickup truck from Gus Paulos, a corporation conducting business as a motor vehicle dealer in West Valley City, Utah. The legally required odometer statement provided by Gus Paulos to Jim Stewart showed the vehicle as travelling 31,931 miles when actually the vehicle had travelled more than 99,000 miles. Gus Paulos did not check any of the boxes on the odometer statement certifying that the mileage represented was the actual mileage travelled by the vehicle. In addition, Gus Paulos did not sign the odometer statement.

On or about January 13, 1988, Great Basin GMC Trucks, Inc. purchased the aforementioned vehicle from Jim Stewart. In connection with the purchase, Jim Stewart provided Great Basin GMC with an odometer statement representing the mileage on the vehicle to be 32,000 miles. Jim Stewart checked the appropriate box in certification that 32,000 was the actual mileage travelled by the vehicle.

On or about February 12, 1988, the plaintiff in the above entitled action, Marty C. Charnetsky, purchased the Chevrolet pickup vehicle from Great Basin GMC. Great Basin GMC provided Mr. Charnetsky with an odometer statement indicating the actual mileage as 32,028.

Mr. Charnetsky commenced this action against Gus Paulos, Jim Stewart and other defendants after discovering the falsity of the odometer reading and after discovering that the actual mileage on the vehicle was more than represented. Mr. Charnetsky based his claim against defendants on the federal odometer laws, 15 U.S.C.A. §§ 1981–90 (1982 & Supp.1990).

After answering Mr. Charnetsky's complaint, Jim Stewart filed a cross-claim against Gus Paulos alleging injuries as the result of Gus Paulos violating the requirements of 15 U.S.C.A. §§ 1981–90. Before the court is Gus Paulos' motion to dismiss and motion for summary judgment against Jim Stewart's cross-claim. In support of its motion, Gus Paulos points out that Mr. Charnetsky agreed to a Rule 41(a) motion to dismiss; therefore, Gus Paulos asserts, Jim Stewart's cross-claim should be dismissed because there is no longer a case before the court. Gus Paulos secondly contends that Jim Stewart is foreclosed as a matter of law from bringing its cross-claim because the federal odometer laws do not allow co-defendants involved in a federal odometer action to seek indemnity or contribution from other co-defendants.

Jim Stewart opposes Gus Paulos' motions on the basis that its cross-claim is not one for indemnity but a direct action against Gus Paulos: a direct action based on Gus Paulos' failure to disclose the correct mileage of the vehicle and Gus Paulos' intent to defraud Jim Stewart by transferring a false odometer statement. Jim Stewart contends that in the instant case he is an innocent person in the chain of those transferring bad odometer statements, and therefore this case is distinguishable from case law cited by Gus Paulos wherein all of the co-defendants were wrongdoers. As a result, Jim Stewart contends that its cross-claim should survive Gus Paulos' motions because the law prohibiting cross-claims between co-defendants only applies to wrongdoers in the chain of bad odometer statements and not to innocent persons.

## II. DISCUSSION

The federal odometer laws as contained in the Motor Vehicle Information & Cost Savings Act apply to the motions now before the court. 15 U.S.C.A. §§ 1981–90 (1982 & Supp.1990). Section 1988 of Title 15 requires:

> any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

> (1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually travelled.

15 U.S.C.A. § 1988 (1982). Subsection (b) of § 1988 further provides that "[n]o transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule." In addition, § 1989 of Title 15 provides for civil liability if a dealer transfers an odometer statement with intent to defraud the transferee. *Oettinger v. Lakeview Motors, Inc.,* 675 F.Supp. 1488 (E.D.Va.1988).

▆▆▆▆ Actual knowledge by a dealer that an odometer is different from the number of miles the vehicle has travelled is not required for violation of §§ 1988 & 1989. *Nieto v. Pence,* 578 F.2d 640 (5th Cir.1978). If a dealer does not have actual knowledge that an odometer has been tampered with, he or she has a duty to exercise reasonable care in ascertaining the accuracy of an odometer reading before certifying its correctness. *Id.* As the Fifth Circuit Court of Appeals explained: "defendant had a duty to disclose that the actual mileage was unknown if, in the exercise of reasonable care, he would have had reason to know that the mileage was more than that which the odometer had recorded or the previous owner had certified." *Id.* at 642.

The legislative history of the federal odometer laws supports the above stated assertion that actual knowledge of odometer tampering is not a prerequisite to violation of §§ 1988 & 1989:

[Section 1988] makes it a violation of the title for any person "knowingly" to give a false statement to a transferee. This section originally allowed a person to rely completely on the representations of the previous owner. This original provision created a potential loophole, however. For example, a person could have purchased a vehicle knowing that the mileage was false but received a statement from the transferor verifying the odometer reading. Suppose an auto dealer bought a car with a 20,000 mile odometer verification but any mechanic employed by that auto dealer could ascertain that the vehicle had at least 60,000 miles on it. The bill as introduced would have permitted the dealer to resell the vehicle with a 20,000 mile verification. In order to eliminate this potential loophole the test of "knowingly" was incorporated so that the auto dealer with expertise now would have an affirmative duty to mark "true mileage unknown" if, in the exercise of reasonable care, he would have reason to know that the mileage was more than that which the odometer had recorded or which the previous owner had certified.

1972 U.S.Code Cong. & Admin.News 3960, 3971–72.

▆▆▆▆ In applying the provisions of section 1988 to the instant case, while giving consideration to the Congressional intent behind the statute, the court is of the opinion that Jim Stewart cannot be considered an innocent party in the chain of bad odometer statements for purposes of the motions now before the court.

The evidence in the record shows that the odometer mileage statement delivered to Jim Stewart from Gus Paulos did not contain a certification that the mileage represented was the actual mileage travelled by the vehicle. Furthermore, the odometer statement was left unsigned by Gus Paulos. The incompleteness of the odometer statement provided Jim Stewart reason to know that the odometer reading was, or could have been, inaccurate. This knowledge imposed a legal duty on Jim Stewart to either investigate the reliability of the odometer statement before certifying it to be correct or to disclose to a subsequent buyer that the actual mileage was unknown. In disregard of this legal duty, Jim Stewart sold the vehicle to Great Basin GMC, providing a false odometer statement and certification that the odometer reading was the actual mileage travelled by the vehicle.

Because Jim Stewart did not perform its legal duty as required by 15 U.S.C.A. § 1988, the court concludes that Jim Stew-

art cannot be considered an innocent party and is therefore foreclosed from bringing a cross-claim against other co-defendants in this action. This court is in agreement with other federal courts in holding that cross-claims don't exist between wrong-doers in violation of the federal odometer laws.[1] A federal district court in West Virginia explained that each seller in the chain of bad odometer statements may be held liable to the ultimate buyer, but that "Congress did not intend that each subsequent wrongdoer in a chain of violations might hold liable each prior wrongdoer in the chain linked to a single, initial odometer tampering." *Stier v. Park Pontiac*, 391 F.Supp. 397 at 401 (D.C.W.Va.1975).

A contrary holding would permit wrong-doers in the chain of bad odometer statements to benefit from prior wrongdoers, when all have contributed to violating the statute. *Id.* Moreover, to permit wrong-doers to bring an action against others in the chain would lead a subsequent wrong-doer "to ignore prior violations of others and to perpetrate the wrongdoing...." *Id.*

Consequently, because Jim Stewart is not an innocent party in the chain of bad odometer statements, and because co-defendant wrongdoers are prohibited by law from advancing cross-claims against other co-defendants based on the federal odometer laws, Jim Stewart is foreclosed by law from advancing its cross-claim in the instant action.

Accordingly, it is hereby ordered, adjudged and decreed that Gus Paulos' motion to dismiss and motion for summary judgment are granted dismissing Jim Stewart's cross-claim against Gus Paulos.

It is so Ordered.

---

1. *Yowell v. Boyd Chevrolet, Inc.*, 504 F.Supp. 77 (W.D.Okla.1980); *Mataya v. Behm Motors, Inc.*, 409 F.Supp. 65 (E.D.Wis.1976); *Stier v. Park Pontiac, Inc.*, 391 F.Supp. 397 (S.D.W.Va.1975); *Aldridge v. Billips*, 656 F.Supp. 975 (W.D.Va. 1987).