Irvin B. ALLEY, Plaintiff-Appellant,

v.

CHRYSLER CREDIT CORPORATION,
Defendant-Appellee.

No. 84–3501
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1985.

H.P. Rowley, III, Covington, La., for plaintiff-appellant.

William F. Bologna, Avery T. Waterman, Jr., New Orleans, La., for defendant-appellee.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

A motor vehicle purchaser, Irvin B. Alley, sued an automobile dealer, Gentilly Dodge, Inc. (Gentilly Dodge) and an earlier transferor of the vehicle, Chrysler Credit Corporation (Chrysler Credit), for odometer violations under provisions of the Motor Vehicle Information and Cost Savings Act (the Act), 15 U.S.C. §§ 1901–1991, and on other claims. After a settlement of the claims against Gentilly Dodge, the district court entered summary judgment for Chrysler Credit based on its conclusion that the defendants were solidary obligors and that therefore the release of one without a reservation of rights released the other. Holding that consecutive violators of federal odometer law would be individually liable to Alley, we reverse and remand for further proceedings. Alley has also appealed the denial of a motion to consolidate

his case with that of a previous purchaser of the same motor vehicle against the same defendants. Finding no abuse of discretion by the district court, we affirm the denial.

## I. BACKGROUND

Gentilly Dodge sold a used Dodge van to Bobby Joe Allen with financing by Chrysler Credit. Allen ceased making installment payments on the van because of a dispute over warranties by Gentilly Dodge. Chrysler Credit filed a replevin action against Allen in Mississippi and transported the van to Louisiana.

An Odometer Mileage Statement was executed by Chrysler Credit as transferor of the van on December 9, 1981. It asserted that the actual mileage was 46,537 miles. Thereafter, Gentilly Dodge repurchased the van in accordance with a repurchase agreement with Chrysler Credit and resold the van to the plaintiff Alley. At this time an Odometer Mileage Statement executed by Gentilly Dodge as transferor attested that the mileage was 46,643 miles.

The odometer mileage had allegedly been altered by a third party, never located, who stole the vehicle, altered the odometer reading, and sold the vehicle to Gentilly Dodge prior to the Allen transaction.

Allen sued Gentilly Dodge and Chrysler Credit on various claims in the United States District Court for the Eastern District of Louisiana. The case was heard before Judge Cassibry and is now on appeal to this Court. Alley also sued Gentilly Dodge and Chrysler Credit; he settled his claims against Gentilly Dodge, leaving Chrysler Credit as a defendant. Against Chrysler Credit Alley brought six claims: 1) violation of federal odometer law;[1] 2) breach of warranty of title; 3) fraud; 4) invasion of privacy; 5) breach of covenant of good faith; and 6) unfair and deceptive

---

1. The relevant statutory provisions of the Act are the following:

> The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.

> 15 U.S.C. § 1981.

> (a) [T]he Secretary [of Transportation] shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:
>> (1) Disclosure of the cumulative mileage registered on the odometer.
>> (2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.
> Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

> (b) No transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule.

> 15 U.S.C. § 1983.

> (a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—
>> (1) three times the amount of actual damages sustained or $1,500 whichever is the greater; and
>> (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

> (b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

> 15 U.S.C. § 1988.

> The relevant federal regulations promulgated under section 1983 provide as follows:

> (a) Before executing any transfer of ownership document, each transferor of a motor vehicle shall furnish to the transferee a written statement signed by the transferor, containing the following information:
>> (1) The odometer reading at the time of transfer;
>> (2) The date of the transfer;
>> (3) The transferor's name and current address;

trade practices in violation of Louisiana and Michigan law.

Alley's suit was assigned to Judge Wicker who transferred it to Judge Cassibry who was hearing the Allen case. Alley then moved to have his case consolidated with that of Allen. Judge Cassibry denied the motion and transferred the case back to Judge Wicker.

At a hearing on Chrysler Credit's motion to dismiss or alternatively for summary judgment, Judge Wicker found that "the defendant Chrysler Credit is solidarily obligated to the plaintiff along with Gentilly Dodge in view of the fact that he [Alley] did not reserve his rights against Chrysler when he accepted the settlement [o]n behalf of Gentilly Dodge." Accordingly, she "granted the motions," dismissing Alley's suit and entering judgment in favor of Chrysler Credit. Alley now appeals the dismissal, raising the following issues: 1) that the district court erred in denying Alley's motion to consolidate his case with the Allen case and 2) that the district court erred in entering summary judgment in that Alley did not release Chrysler Credit in his settlement with Gentilly Dodge.

## II. ANALYSIS

### A. *Consolidation*

■ Alley contends that Judge Cassibry abused his discretion in denying his motion to consolidate this case with the Allen case and transferring it back to Judge Wicker because common questions of law and fact are involved in both cases, the attorneys are the same, and the just, speedy, and inexpensive determination mandated by Fed.R.Civ.P. 1 [2] was thwarted.

Consolidation is permitted by Fed.R.Civ.P. 42(a) which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Certainly, the Allen and Alley cases could have been properly consolidated; however, "[a] trial court has broad discretion in determining whether to consolidate a case pending before it." *N.A.A.C.P. of Louisiana v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973) (dictum). Although the same van was involved in the two cases, the transactions forming the bases of the lawsuits were entirely separate. We do not find any abuse of discretion by Judge Cassibry in refusing to consolidate the cases, and accordingly affirm his denial of the motion to consolidate.

(4) The transferee's name and current address;

(5) The identity of the vehicle, including its make, model, and body type, and its vehicle identification number.

(b) In addition to the information provided under paragraph (a) of this section, the statement shall refer to the Motor Vehicle Information and Cost Savings Act and shall state that incorrect information may result in civil liability and civil or criminal penalties.

(c) In addition to the information provided under paragraphs (a) and (b) of this section,

(1) The transferor shall certify that to the best of his knowledge the odometer reading reflects the actual miles or kilometers the vehicle has been driven; or

(2) If the transferor knows that the odometer reading reflects the amount of mileage in excess of the designed mechanical odometer limit of 99,999 miles/kilometers, he shall include a statement to that effect; or

(3) If the transferor knows that the odometer reading differs from the number of miles/kilometers the vehicle has actually traveled and that the difference is greater than that caused by odometer calibration error, he shall include a statement that the odometer reading is not the actual mileage, and should not be relied upon.

(d) In addition to the information provided under paragraphs (a), (b), and (c) of this section, the transferor shall certify that:

(1) The odometer was not altered, set back, or disconnected while in the transferor's possession, and he has no knowledge of anyone else doing so....

49 C.F.R. § 580.4 (1980).

**2.** Rule 1 provides in pertinent part that the Federal Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action."

## B. *Summary Judgment*

As to Alley's claim concerning the violation of the odometer provisions of the Act,[3] he argues that the district court erred in entering summary judgment for Chrysler Credit if it actually was a transferor within the meaning of federal odometer law and if he did not release Chrysler Credit in the settlement. Judge Wicker indicated at the summary judgment hearing that she would not grant summary judgment based on Chrysler Credit not being a transferor within the meaning of the statute and did not hear any argument by Alley on that issue. Since Alley is not appealing the issue and no cross-appeal has been filed by Chrysler Credit, we do not decide the issue.

As to the finding that Chrysler Credit was released in the settlement with Gentilly Dodge, we reverse the district court. Alley has admitted that in releasing Gentilly Dodge he did not reserve his rights against Chrysler Credit; however, he argues that Gentilly Dodge and Chrysler Credit are not solidary obligors because the allegedly false odometer statements issued by each were completely separate transactions. Alley has argued further that although with the release of Gentilly Dodge he received a vehicle in compensation, he would still be entitled to $1500 in statutory damages against Chrysler Credit for a violation of the Act. *See supra* note 1.

This Court in *Johnson v. Ford Motor Co.*, 707 F.2d 189, 193 (5th Cir.1983), found under Louisiana law that the release of one joint tortfeasor by operation of law releases any other joint tortfeasor unless there is an express reservation. *See* La.Civ.Code Ann. art. 2203 (West 1952).[4] If Chrysler Credit and Gentilly Dodge were solidary obligors and Louisiana law were to be applied, Alley's release of Gentilly Dodge would also release Chrysler Credit.

However, the defendants are alleged to have violated the federal odometer law. Accordingly, we turn to cases which have interpreted that statute. *See supra* note 1. Two lines of cases have come to opposing conclusions in interpreting the statute.

In *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381 (D.Neb.1977), *aff'd*, 578 F.2d 721 (8th Cir.1978), purchasers of an automobile with an altered odometer reading sued the retail dealer, its president, and a wholesale automobile dealer from whom the retail dealer had acquired the vehicle. The purchasers alleged liability and sought recovery from each defendant under the Act. The district court found the liability of the defendants to be "joint and several." *Id.* at 1388. The court examined the legislative history and policy of the Act with respect to the liability of the defendants and found no basis for "a judicially declared exception" to a joint tortfeasor rule. The court noted that "[t]he array of techniques for controlling violators or potential violators militates against a holding that each violator should be required to pay the full judgment and did not receive a diminution of his liability by reason of payment by another." *Id.* In *Yowell v. Boyd Chevrolet, Inc.*, 504 F.Supp. 77 (W.D.Okla.1980), an automobile purchaser sued codefendants for damages arising out of a false odometer mileage statement. Relying on *Duval*, the court observed that "[i]n an odometer case each codefendant found guilty under the Act is jointly and severally liable for the whole judgment to the plaintiff." *Id.* at 78. We disagree with the statutory interpretation of these cases, and turn to the other line of authority.

In *Stier v. Park Pontiac, Inc.*, 391 F.Supp. 397 (S.D.W.Va.1975), wherein an action for odometer tampering was brought by a buyer of a vehicle against the seller, its agents and previous sellers of the

---

3. Because we reverse the summary judgment in favor of Chrysler Credit based on this claim, we do not discuss the other claims asserted by Alley. Alley's entire suit was dismissed by the district court. Our holding reinstates all of Alley's claims.

4. Article 2203 provides in pertinent part: "The remission or conventional discharge in favor of one of the codebtors *in solido*, discharges all the others, unless the creditor has expressly reserved his right against the latter."

vehicle, the court found that each defendant may be held liable to the buyer for violation of the Act. The court discussed the purposes of the federal odometer statute as applied to sequential transfers. It concluded that the language "any person ... shall be liable" in section 1988 indicates an intent to extend liability to all violators of the law, rather than to limit liability to the immediate seller of the vehicle. However, any wrongdoer in the chain of violations would not be permitted to recover damages from previous wrongdoers. The court went on to explain the reason for its interpretation of the statute:

> Just, effective and practical interpretations and applications of the law are contemplated. Certainly the Congress did not intend that each subsequent wrongdoer in a chain of violations might hold liable each prior wrongdoer in the chain linked to a single, initial odometer tampering. To allow such recoveries would permit violators in the later links of the deceptive chain to profit from earlier violators, when all are guilty of the same deceptive acts. Moreover, later violators would tend to ignore prior violations of others and to perpetuate the wrongdoing, only, upon their own guilt detection, being moved to *discover* the violations and to report them to the courts. Further, to allow such recoveries would mean that the original violator, although perhaps no more culpable than subsequent violators, could be burdened with an undetermined amount of liability depending on the length of the deceptive chain. Also, it is reasonable to conclude that a subsequent violator in the chain approves and ratifies the acts of previous wrongdoers when he continues the deception instead of discovering and reporting it, and consequently in equity and justice he should not be allowed to profit from violations of others whose acts he has approved and ratified.

391 F.Supp. at 401 (emphasis in original). The court then held that "[e]ach of the defendants ... may be held liable by plaintiff for the statutory recoveries allowed." *Id.* In *Mataya v. Behm Motors, Inc.*, 409 F.Supp. 65 (E.D.Wis.1976), the court relied on *Stier*, explicitly finding that it is an erroneous view of the law that a "plaintiff is entitled to only a single recovery. To the contrary, the law is that each person violating the Act is separately subject to liability.... [I]f a defendant has actual knowledge of the alteration, he will be separately and individually liable to the plaintiff and is without recourse to recovery from other defendants. *The purposes of the statute are advanced by imposing separate and individual liability on each person violating the Act.*" 409 F.Supp. at 70 (emphasis added).

■ We agree with the interpretations of the statute enunciated in *Stier* and *Mataya* to the extent that each violation of the Act is a separate transaction. In the present case where separate odometer statements were issued, each issuer is subject to separate and individual liability under the Act. As alleged violators, Gentilly Dodge and Chrysler Credit do not stand as solidary obligors. Accordingly, Alley's settlement and release of Gentilly Dodge did not release Chrysler Credit from its liability to Alley. Alley was free to pursue his odometer violation claims against Chrysler Credit.

For these reasons, we AFFIRM the denial of the motion to consolidate and REVERSE the summary judgment in favor of Chrysler Credit and REMAND to the district court for further proceedings.