Lyle M. RICE, et al.,
Plaintiffs–Appellants,

v.

Don E. GUSTAVEL, et al., Defendants,

Lee Wass, et al., Defendants–Appellees.

No. 88–5051.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 18, 1989.

Decided Dec. 12, 1989.

Patrick F. McMahon (argued), Marietta, Ga., George W. McGriff, Atlanta, Ga., and R. Mitchell Ross, Clarksville, Tenn., for Lyle M. Rice and Debra J. Rice.

C.A. Cameron, Cameron & Cameron, Cookeville, Tenn., and Hal D. Hardin, Nashville, Tenn., for Don E. Gustavel, Liquid Handling Specialists, Inc., and Marvin M. Springer (Deceased).

B. Timothy Pirtle, City Bank & Trust Co., McMinnville, Tenn., William T. Alt (argued), Chattanooga, Tenn., for Lee Wass, Russ Wass, and Metro Auto Auction of Kansas City, Inc.

Before NELSON and RYAN, Circuit Judges, and MEREDITH, District Judge.*

PER CURIAM.

This is a cross-appeal by plaintiffs from an order granting summary judgment against defendants for rolling back the odometer of an automobile. Plaintiffs recovered treble damages against defendants jointly and severally under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981, *et seq.*, but plaintiffs assert that liability under the statute ought to be separate and individual. They also maintain that they are entitled to compensatory and punitive damages for common law fraud, in addition to the treble damages they received under the statute. We think the district court was correct in denying these assertions, and we shall affirm the judgment.

I

The automobile in question, an Oldsmobile, was a company car owned initially by Liquid Handling Specialists. The car was only two years old, but it had been driven over 70,000 miles.

Don Gustavel, vice president of Liquid Handling, arranged to have the car traded in to Lee Wass Oldsmobile–Cadillac. Under date of December 10, 1982, Gustavel signed an odometer mileage statement certifying the car's mileage as 28,275. He testified that he was uncertain whether the 28,275 figure appeared on the statement when he signed it.

On January 14, 1983, Lee Wass turned the car over to Russ Wass, doing business as Tri–State Brokers, and Russ Wass obtained an "open title" from Liquid Handling. Odometer mileage statements showing 28,275 as the mileage were furnished by both Lee Wass and Liquid Handling.

On January 25, 1983, Russ Wass sold the automobile to The Car Corner through an auction house. Lee Wass gave The Car Corner an assignment of title and odometer mileage statement showing the mileage to be 28,839. On February 21, 1983, The Car Corner sold the car to the plaintiffs, certifying the mileage as 29,093.

In May of 1983, plaintiff Lyle Rice began having mechanical problems with the car. When he took it to a General Motors deal-

* The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation.

ership for service, he learned that the odometer had been rolled back and that the 50,000–mile warranty had expired. Mr. Rice and his wife incurred substantial repair expenses because of the undisclosed extra mileage.

The Rices brought a federal court action against Gustavel, Liquid Handling, Lee and Russ Wass, and Lee Wass Oldsmobile–Cadillac, alleging both common law fraud and violations of the odometer tampering provisions of the Motor Vehicle Information and Cost Savings Act. Trying the case without a jury, the court found the defendants jointly and severally liable for statutory treble damages in a total amount of $11,797.23. The plaintiffs were also awarded costs and attorney fees. The court found in favor of the Rices on their fraud claim, but awarded no additional damages on that account.

Gustavel and Liquid Handling appealed, and the Rices cross-appealed against all defendants. The original appeal has been dismissed, along with the cross-appeal against Gustavel and Liquid Handling; only the cross-appeal against Lee Wass, Russ Wass, and Lee Wass Oldsmobile–Cadillac remains to be decided.

## II

The civil damage provision of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1989, reads in relevant part as follows:

"(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court."

The Rices contend that this section, by its "any person" language, renders each defendant separately and individually liable, so that each must pay the full amount of the court's award.

■ By providing that "any person" shall be liable, the statute allows the purchaser to sue not only the immediate seller but any other persons in the chain of the title who may have been involved in the fraud. The fact that each such person shall be liable, however, does not necessarily preclude the conclusion that liability is to be joint and several, rather than separate and individual.

In *Alley v. Chrysler Credit Corp.*, 767 F.2d 138 (5th Cir.1985), a defendant sought to avoid all liability under the act on the strength of the plaintiffs' settlement with a co-defendant. The court held that the plaintiffs were free to pursue their claim against the defendant notwithstanding the settlement with the co-defendant. Everyone seems to have assumed that the settlement wiped out any actual damages, thereby foreclosing the possibility of a judgment in excess of the statutory minimum of $1,500. See *id.* at 141.[1] In the case at bar, by contrast, judgment was rendered against all defendants, and each defendant's pro rata share of the damages is greater than $1,500. *Alley* is not directly in point here.

*Slaymaker v. Westgate State Bank*, 241 Kan. 525, 739 P.2d 444, 454 (1987), a decision by the Supreme Court of Kansas, is directly in point. In *Slaymaker* the Kansas court rejected precisely the argument the Rices make here—that the plaintiffs were entitled to full treble damages from each defendant individually. Noting that *Alley* did not squarely support the plaintiffs' argument, *id.* at 453–54, the Kansas court found that liability was joint and several.

■ *Slaymaker* followed *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1388–89 (D.Neb.1977), *aff'd*, 578 F.2d 721 (8th Cir.1978), where the array of techniques provided by Congress for control-

---

**1.** But see *Saber v. Dileo*, 723 F.Supp. 1167, (E.D. La.1989) (holding remaining defendant liable for entire award of $10,500 despite prior settlements with co-defendants).

ling violators (treble damages, minimum civil penalties, criminal sanctions, and injunctive relief) was found to militate against separate and independent liability. The Rices contend that these means are ineffective, and that separate and individual liability is "the most effective and cost efficient means to eradicate odometer tampering." But this is a decision for Congress to make, not the courts. Liability for tortious conduct is normally joint and several, and we agree with the *Slaymaker* and *Duval* courts that Congress did not change the normal rule when it passed the Motor Vehicle Information and Cost Savings Act.

### III

█ We find no merit in the Rices' contention that they are entitled to additional compensatory and punitive damages under their common law fraud claim. Their reliance on *Atherton v. Anderson*, 86 F.2d 518 (6th Cir.1936), *rev'd on other grounds*, 302 U.S. 643, 58 S.Ct. 53, 82 L.Ed. 500 (1937), is misplaced. *Atherton* held that an adverse judgment on one cause of action need not preclude recovery on another cause of action arising out of the same acts, but the decision did not sanction duplicative recoveries. The Rices cite no case in which a plaintiff was compensated twice under the Odometer Act for the same injury, and we have found no such case. The district court implicitly found treble damages under the statute to be adequate, and that conclusion is not clearly erroneous. See *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1198 (6th Cir.1988).

The judgment of the district court is AFFIRMED.