# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11279

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2019

Lyle W. Cayce
Clerk

JOHN STANCU,

  Plaintiff - Appellant

v.

HYATT CORPORATION/HYATT REGENCY DALLAS,

  Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:17-CV-675
3:17-CV-2918

Before OWEN, Chief Judge, and JONES and SMITH, Circuit Judges.

PER CURIAM:*

 John Stancu works as a shift engineer at the Hyatt Regency Dallas ("Hyatt"). Having filed about twenty lawsuits in the past thirty years, he is also a prolific *pro se* litigant. Hyatt is his latest target. In the instant action, Stancu asserts a variety of employment discrimination claims. Hyatt moved for summary judgment on all claims, and the magistrate judge recommended that the motion be granted and the action dismissed. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11279

accepted that recommendation. Stancu now appeals to this court. He challenges the summary judgment on three of his claims as well as three interlocutory orders: a consolidation order, an order denying a motion to compel, and a sanction order. Finding no reversible error of law or fact in these rulings, we AFFIRM.

## BACKGROUND

Stancu accepted an entry-level, shift engineer position at Hyatt in October 2015. About a month after Stancu started the job, several of his co-workers told him that Hyatt was discriminating against them and asked him for advice. He directed them to some literature from the Equal Employment Opportunity Commission ("EEOC"), which explained how to file discrimination charges. Word of Stancu's conduct somehow made its way up to management. When management learned that Stancu was distributing EEOC literature, they allegedly began discriminating against him. The alleged discrimination took a variety of forms: breaking Stancu's tool cart and stealing his tools, refusing to place him on the work schedule, assigning him to jobs that were beyond his training, leaving derogatory notes in his tool cart, denying him an opportunity for promotion to the position of chief engineer, refusing to provide supplies needed for the job and his safety, impeding his medical treatment during leave, directing workers to harass him, sending thousands of work orders to his personal email, subjecting him to a "vicious move" that caused him to become ill, and assigning him to work inside "unventilated rooms infested with toxic and poisonous gases." This pattern of discrimination allegedly persisted until Stancu sued Hyatt.

Stancu filed his first lawsuit against Hyatt on March 8, 2017. A few months later, he moved to amend the complaint. That motion, however, failed to comply with the court's standing order on non-dispositive motions and was

accordingly stricken.    Stancu filed a second lawsuit against Hyatt on October 23, 2017.  Around the same time, he renewed his motion to amend the complaint in his first lawsuit.  The facts and claims in Stancu's proposed amended complaint were substantially similar to the facts and claims raised in the second lawsuit.  The district court consolidated the two cases and designated Stancu's proposed amended complaint as the consolidated complaint.    The consolidated complaint raised claims of unlawful discrimination under the Age Discrimination in Employment Act ("ADEA"), unlawful retaliation, violation of the Family and Medical Leave Act ("FMLA"), creation of a hostile work environment under the ADEA, breach of contract, and pattern-and-practice discrimination.

The case was assigned to a magistrate judge and proceeded to discovery. Believing that Hyatt was withholding documents, Stancu filed a motion to compel.  The magistrate judge denied that motion and asked Stancu to explain why he should not be sanctioned for abusing the discovery process.  Stancu failed to respond, and the magistrate judge ordered him to pay Hyatt $3,535.30 in attorney fees.

Hyatt eventually moved for summary judgment on each of Stancu's claims.  The magistrate judge recommended that Hyatt's motion be granted and the action dismissed with prejudice.  Stancu filed few objections to that recommendation.  The objections he did file were aimed less at the magistrate judge's legal conclusions and more at correcting what he perceived to be the judge's "twisting" of the facts to fit a "biased" legal standard.  The district court rejected Stancu's objections and accepted the magistrate judge's recommendation.  This appeal followed.

No. 18-11279

## STANDARD OF REVIEW

Summary judgment is appropriate only if the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). This court generally reviews a district court's grant of summary judgment *de novo*. *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009), *abrogated on other grounds by Sims v. City of Madisonville*, 894 F.3d 632 (5th Cir. 2018). This standard of review, however, is altered when a party fails to object to a magistrate judge's legal conclusions and those conclusions are accepted by the district court. In such a situation, a party is barred, "except upon grounds of plain error, from attacking on appeal the unobjected-to proposed . . . legal conclusions accepted by the district court, provided that the party [w]as . . . served with notice that such consequences w[ould] result from a failure to object." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (footnote omitted), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The magistrate judge warned Stancu that "[f]ailure to file specific written objections w[ould] bar [him] from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error." Stancu nonetheless objected to only the following conclusions: (1) that he failed to raise allegations that could support a failure-to-promote claim; (2) that he failed to present evidence establishing a cognizable retaliation claim; and (3) that he failed to raise a genuine issue of fact that Hyatt's stated reasons for various employment actions were pretextual. The court reviews these issues *de novo*. All other issues pertaining to the district court's acceptance of the magistrate judge's findings of fact and conclusions of law are reviewed for plain error. Under this standard, the court has "discretion to correct unobjected-to . . . errors that are

4

plain . . . and affect substantial rights." *Id.* at 1424 (emphasis removed). "In exercising that discretion, [the court] 'should correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993)).

The district court's consolidation order is reviewed for abuse of discretion, *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985), as are the magistrate judge's orders denying Stancu's motion to compel and imposing sanctions, *see United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (sanctions); *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000) (discovery rulings).

## DISCUSSION

Stancu's rambling and conclusory briefing appears to contend that the district court erroneously granted Hyatt's motion for summary judgment, and he challenges three interlocutory orders and asserts, in broad-sweeping terms, that he was deprived of his constitutional rights. Each of these arguments is considered in turn.

## I

The magistrate judge liberally construed Stancu's complaint to assert six claims: (1) age discrimination under the ADEA; (2) unlawful retaliation under unspecified statutes; (3) hostile work environment under the ADEA; (4) violations of the FMLA; (5) breach of contract under Texas state law; and (6) pattern-and-practice discrimination. Stancu addresses only the first three of these claims on appeal, and we need not review the others. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").

**A**

Stancu argues that Hyatt violated the ADEA by unfairly denying him the opportunity to apply for promotion to a vacant chief engineer position. The district court dismissed this claim because, among other reasons, Stancu failed to establish a *prima facie* case of age discrimination.

To survive summary judgment in a failure-to-promote, age discrimination case, an "employee must raise a genuine issue of material fact as to each element of his *prima facie* case." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (emphasis added). "[T]he employee must demonstrate that 1) he belongs to the protected class, 2) he applied to and was qualified for a position for which applicants were being sought, 3) he was rejected, and 4) another applicant not belonging to the protected class was hired." *Id.* at 680–81. A plaintiff's burden of demonstrating that he was qualified for the position for which he was not promoted is not onerous. He must simply provide evidence that he met the objective qualifications for the position. *Id.* at 681. Stancu fails to present such evidence.

Hyatt offered affidavit evidence describing the qualifications for the position of chief engineer. It is a management position four levels above Stancu's entry-level position of shift engineer, and as a matter of policy and practice, "a shift engineer at Hyatt is not eligible or qualified for a promotion directly to chief engineer." To qualify for the position of chief engineer, an employee must have worked his way through the progression of promotions or have equivalent experience at another hotel. Stancu neither disputes factually that these are Hyatt's objective requirements, nor has he shown that he meets the requirements. Accordingly, he cannot claim to have created a genuine issue of material fact as to this critical qualification element of his *prima facie* case. Summary judgment in Hyatt's favor was therefore appropriate.

**B**

Stancu next raises a claim of retaliation (under no specific statute).  The district court dismissed this claim because regardless whether the claim arose pursuant to Title VII, the ADEA, or the FMLA, Stancu failed to establish a *prima facie* case of retaliation.

Retaliation claims under each of these statutes are analyzed using the *McDonnell Douglas* burden-shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817, 1824–25 (1973).  The plaintiff first bears the burden of proving a *prima facie* case of retaliation.  To establish a *prima facie* case, a plaintiff must demonstrate that (1) he engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse employment action.  *See Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016) (FMLA and Title VII); *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) (ADEA).  If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action.  *See Wheat*, 811 F.3d at 710.  The plaintiff then bears the burden of showing that the employer's stated reason was a pretext for retaliation.  *See id.* at 715.

The district court concluded that Stancu failed to carry his burden of demonstrating that he suffered an adverse employment action.  This conclusion was based on the court's recitation that to qualify as "adverse," the employment action must be "an 'ultimate employment decision' or its factual equivalent."  Taken alone, this statement represents an outdated and mistaken understanding of the law[1] because, as the Supreme Court explained in the

---

[1] The EEOC makes this point in its amicus brief.  Hyatt argues that the EEOC's brief "expands the scope of the appeal" and thus should be disregarded.  *See Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 595 (5th Cir. 2006).  This court, however, reviews Stancu's

context of retaliation claims, an adverse employment action is any action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006). Yet when we review Stancu's allegations under the *Burlington* lens, Stancu still fails to create a material issue of fact that would preclude summary judgment.

Most of Stancu's allegations fall well below the level of any kind of adverse employment action. His allegation, for instance, that work orders were sent to his personal e-mail address comes nowhere close to qualifying as an adverse employment action. *See, e.g., Cabral v. Brennan*, 853 F.3d 763, 767 (5th Cir. 2017) (concluding that a two-day suspension from work exacted no "physical, emotional, or economic toll" and thus did not qualify as an adverse employment action); *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 485–86 (5th Cir. 2008) (being treated "poorly" and denied break times do not qualify as adverse employment actions). The same can be said of his complaints that he was the target of derogatory notes, subjected to extra scrutiny at work, received an unfair job performance rating, and was given repeated verbal warnings. *See, e.g., Cabral*, 853 F.3d at 767; *Aryain*, 534 F.3d at 485–86.

Some of Stancu's allegations perhaps could constitute materially adverse employment actions but for their conclusory nature. He claims, for instance, that he was assigned to "work inside unventilated rooms infested with toxic and poisonous gases," but he does not present evidence to show that this type of work assignment was atypical or unauthorized for shift engineers. The same goes for his assertions that he was assigned job duties for which he was not trained, deprived of supplies needed for the job, and subjected to a "vicious"

retaliation claim *de novo* and must apply the law correctly, giving no deference to the district court. That said, it is not likely that the magistrate judge misapplied *Burlington,* since he cited several post-*Burlington* cases and the Supreme Court decision itself.

move.  These allegations are simply too conclusory.  They fail to provide the detail necessary to create a genuine issue of material fact that Stancu was the target of an adverse action that would have dissuaded a reasonable worker from lodging discrimination charges.  *See Wheat*, 811 F.3d at 707 (concluding that "bare-bone" allegations, without contextual detail, are insufficient to qualify as materially adverse actions).

Stancu also avers that Hyatt purposefully left him off the work schedule, but Hyatt's evidence explains this was done by mistake, the scheduling problem was immediately corrected, and it has not been repeated.  Stancu fails to carry his burden of producing evidence that shows that Hyatt's stated reason was a pretext for retaliation.[2] *See Septimus v. Univ. of Houston*, 399 F.3d 601, 607 (5th Cir. 2005).  The district court's grant of summary judgment on Stancu's retaliation claim was correct.

## C

Stancu also argues that he was subjected to a hostile work environment. He did not, however, object to the magistrate judge's recommendation that this claim be resolved on summary judgment.  This court therefore is limited to reviewing the district court's judgment for plain error.  *See Douglass*, 79 F.3d at 1417.

To establish a hostile work environment claim under the ADEA, an employee must show that "(1) he was over the age of 40; (2) [he] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on

---

[2] Although the district court did not rule on this basis, we may affirm on any issue raised below that is supported by the record.  *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank,* 754 F.3d 272, 276 (5th Cir. 2014).

the part of the employer." *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

The magistrate judge reasoned that the "only age-based harassment that Mr. Stancu offer[ed] evidence of [consists of] the notes that contained insults about his age." Stancu admitted that he had no suspicions as to who left the notes and did not ask anyone in Hyatt's management if they were responsible for them. This admission, the magistrate judge concluded, negates Stancu's ability to establish that "there exists some basis for liability on the part of the employer." *Id.* Stancu asserts that he "report[ed] [the notes] to management, and they didn't stop" them from coming. But Stancu fails to specify how many notes were reported, the contents of those notes, and, perhaps most importantly, the frequency or content of any notes that he received after he reported the problem. It would be sheer speculation to conclude that "there exists some basis for liability on the part of the employer." *Id.* We thus cannot say that the district court plainly erred.

## II

Stancu's failure-to-promote, retaliation, and hostile work environment claims occupy a small portion of his opening brief. Most of it is dedicated to detailing the "malicious actions" of the magistrate judge and the district court. These "malicious actions" primarily take the form of three interlocutory orders: a consolidation order, a discovery order, and a sanction order. Having reviewed these orders, the court concludes that neither the magistrate judge nor the district court abused its discretion

## A

Stancu first takes aim at the district court's consolidation order. That order, he argues, effectively denied him the "right" to amend his pleadings. Stancu is mistaken. Because his amended complaint became the designated

complaint when his two cases were consolidated, Stancu is simply wrong when he suggests that he was somehow prevented from ever amending his complaint. Setting this point aside, "[c]onsolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989); *see also* FED. R. CIV. PRO. 42(a). These conditions are present here. The decision to consolidate the two cases was plainly correct.

## B

Stancu next argues that the magistrate judge erred when he denied Stancu's motion to compel. "A trial court's discovery ruling should be reversed only in an unusual and exceptional case." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 481 (5th Cir. 2018) (quoting *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 499 (5th Cir. 1985)) (internal quotation marks omitted). This is not such a case. The magistrate judge amply explained why Stancu's discovery requests were not relevant, not proportional, or otherwise objectionable. For the reasons he provided, the magistrate judge did not abuse his discretion when he denied Stancu's motion to compel.

## C

Stancu also contests the sanction order imposed by the magistrate judge. A party, however, "may not assign as error a defect in [a nondispositive] order not timely objected to." FED. R. CIV. PRO. 72(a). Stancu did not object to the magistrate judge's nondispositive sanction order. This issue is therefore not preserved, and we do not address it. *See Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) ("[P]retrial matters referred by a trial judge to a magistrate [judge] must be appealed first to the district court.").

No. 18-11279

## III

Stancu's final claim of error is that his constitutional rights "were arbitrarily taken away" from him.  But precisely what these rights are and how he was deprived of them are questions that Stancu fails to answer.  Stancu makes passing reference to the Fifth, Seventh, and Fourteenth Amendments.  But he fails to explain how he was deprived of the rights these amendments guarantee.  "Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citation omitted).  And for an argument to be adequately briefed, a party must do more than offer conclusory statements and general citations to constitutional amendments.  *See Nichols v. Scott*, 69 F.3d 1255, 1287 n.67 (5th Cir. 1995).  Yet this is all Stancu has done— provide conclusory allegations and perfunctory references.  His constitutional arguments, whatever they may be, are thus not preserved, and we do not address them.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.