# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2026

Lyle W. Cayce
Clerk

No. 25-40182
Summary Calendar

———————————

DeVon Sean Strong,

*Plaintiff—Appellant*,

*versus*

Hillary R. Matthews; Mohamed L. Touchami;
Patrick D. Coleman; Adrian Rollins;
Katrina M. Cheatham,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CV-3

———————————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

DeVon Strong, Texas prisoner #1724485, sued under 42 U.S.C. § 1983. A magistrate judge severed certain claims and ordered them to proceed in a separate action, which remains pending. The district court then granted summary judgment in favor of all defendants, employees of the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Texas Department of Criminal Justice ("TDCJ"), on the only two claims remaining, which alleged a denial of due process during a prison disciplinary proceeding and a denial of access to the courts. Strong unsuccessfully sought postjudgment relief and appeals.

As a threshold matter, the summary judgment is a final decision for purposes of 28 U.S.C. § 1291, notwithstanding the pendency of the severed claims. *See Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). Strong's notice of appeal became effective, and thus established our appellate jurisdiction, when the court denied postjudgment relief under Federal Rule of Civil Procedure 59(e). *See* Fed. R. App. P. 4(a)(4)(B)(i); *Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005); *see also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667–68 (5th Cir. 1986) (en banc).

As for the severance order, there was no abuse of discretion, as the severed claims involve different questions of law and fact. *See* Fed. R. Civ. P. 21; *Def. Distributed v. Bruck*, 30 F.4th 414, 431 (5th Cir. 2022); *see also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Similarly, the district court did not abuse its discretion in denying Strong's motion to consolidate this case with a civil rights action in the Northern District of Texas because that action involved different defendants at another TDCJ unit. *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

Regarding the summary judgment, Strong has failed adequately to brief, and has thus forfeited, any challenge to the district court's conclusion that his disciplinary sanctions did not impose on a constitutionally protected liberty interest. *See Alexander v. TDCJ*, 951 F.3d 236, 240 (5th Cir. 2020). Further, Strong's assertions that a state habeas corpus application was merely available to him—without identifying and describing a potential non-frivolous claim—failed to create a genuine dispute of material fact regarding his access-to-the-courts claim. *See DeMarco v. Davis*, 914 F.3d 383, 387–88

(5th Cir. 2019); *Butts v. Martin*, 877 F.3d 571, 581–82 (5th Cir. 2017).

Because Strong's postjudgment motions rehashed arguments about the severance of his claims that were raised before the entry of judgment, the district court did not abuse its discretion in denying relief under Rule 59(e). *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478–80 (5th Cir. 2004).

AFFIRMED.