RAY KIM FORD, INC., Plaintiff,

v.

Dolour DAOUD, Defendant.

No. 89 C 1922.

United States District Court,
N.D. Illinois, E.D.

Aug. 31, 1990.

Richard M. Karr, Elliot B. Pollock, Hardt & Stern, P.C., Chicago, Ill., for plaintiff.

Dolour A. Daoud, Chicago, Ill., pro se.

Richard H. Trais, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Ray Kim Ford, Inc., (Ford) filed this action against Dolour Daoud charging that he violated both federal and Illinois law when he traded in a used car. Count I alleges that Daoud turned back the odometer. Counts II and III allege that Daoud failed to properly disclose that he knew that the odometer reading was inaccurate. We have before us plaintiff's motion for summary judgment on counts II and III. For the following reasons, that motion is denied.

## DISCUSSION

When car owners sell their cars or otherwise transfer title, the Motor Vehicle Information and Cost Savings Act requires them to disclose certain information about the odometer reading and the transferor's knowledge about the actual mileage. Transferors whose failure to comply is accompanied by an intent to defraud are liable in damages to the transferee. 15 U.S.C. § 1989 (1982). An Illinois statute imposes similar requirements and provides for a parallel cause of action. *See* Ill.Ann. Stat. ch. 95½, ¶ 3–112.1 (West.Supp.1990).

Plaintiffs do not have to prove that the defendant actually knew he was supplying false or inaccurate information. Individuals who sell their cars cannot insulate themselves from liability by deliberately blinding themselves to the facts. Plaintiffs can prevail when a defendant's failure to comply with the disclosure requirements is due to a reckless disregard for the facts or even to gross negligence. Mere negligence, however, does not suggest an intent

to defraud and thus cannot provide the basis for civil liability under the federal act or its identically-worded counterpart in the Illinois statutes. *See Jones v. Hanley Dawson Cadillac Co.,* 848 F.2d 803, 806–08 (7th Cir.1984); *Buechin v. Ogden Chrysler–Plymouth, Inc.,* 159 Ill.App.3d 237, 111 Ill.Dec. 35, 44, 511 N.E.2d 1330, 1339 (2d Dist.1987) (liability under state and federal odometer statutes are determined in same manner).

The transaction at issue in this case took place in 1988, when the defendant traded in his 1980 automobile and purchased a newer one. Ford filled out all the paperwork and the defendant says he signed in the appropriate places without reading the documents.

The odometer reported more than 86,000 miles when the defendant first purchased the 1980 car. At that time, he received a document warning him not to rely on the odometer reading, as the seller did not know whether it was accurate.

When the defendant later transferred this car to Ford, the odometer reading was 56,000 miles. In the paperwork that formed part of the trade-in transaction, there are boxes to check next to either of the following statements: 1) "I hereby certify that to the best of my knowledge the odometer reading as stated above reflects the actual mileage," and 2) "I hereby certify that the odometer of said vehicle was not altered." The defendant states that he does not know if they were checked at the time he filled them out, and for purposes of this motion we must assume that defendant's view of any disputed facts is accurate.

Accordingly, plaintiff contends that even if the boxes were not checked when defendant signed, he nevertheless breached an affirmative duty to disclose his knowledge about the car's actual mileage. Ford contends that because defendant knew the odometer reading was not reliable when he first purchased the car, he was obligated to disclose that information. Moreover, as

the odometer reading of 86,000 became 56,000 while the defendant owned the car, Ford contends that defendant knew the odometer had rolled over [1] and thus breached an affirmative duty to disclose this information.

Although the defendant did not affirmatively disclose that the odometer had been rolled over, that information was obvious from the title that changed hands at the time of the transaction. Ray Kim Ford's employees presumably handle transactions of this sort on a regular basis. They are familiar with the paperwork and filled out all the forms in this case. They knew the odometer was at 56,000 and could easily have seen from the vehicle's title that the odometer was at 86,000 when defendant acquired the car. Given Ford's greater familiarity with transactions in used cars and its own negligence in failing to notice that title itself suggested the odometer reading was not accurate, we cannot say that defendant's silence demonstrates, as a matter of law, that he intended to defraud the car dealership. Summary judgment for Ford is therefore inappropriate.

## CONCLUSION

For the foregoing reasons, Ford's motion for summary judgment on counts II and III is denied.

---

1. Ford does not ask for summary judgment on Count I, which alleges that the defendant al-

tered the odometer while he owned the car.