**Lisa Ann ROBERTS, Plaintiff,**

v.

**ROBERT V. ROHRMAN, INC. d/b/a Schaumburg Honda Automobiles, Defendant–Third Party Plaintiff,**

v.

**Melissa Ann MASON, Third Party Defendant–Fourth Party Plaintiff,**

v.

**SCHAUMBURG AMC/JEEP RENAULT, INC. d/b/a A.J.R. of Schaumburg, Inc., Fourth Party Defendant.**

No. 94 C 3810.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 5, 1995.

546

Daniel A. Edelman, Cathleen M. Combs, James Eric Vander Arend, Michelle Ann Weinberg, Tara Goodwin Redmond, Edelman & Combs, O. Randolph Bragg, Chicago, IL, for plaintiff.

Jacob Daniel Azulay, Roderick F. Mollison, Azulay & Azulay, P.C., Chicago, IL, Gershon S. Berg, Skokie, IL, for Robert V. Rohrman, Inc.

Myron Minuskin, Chicago, IL, for Melissa Ann Mason.

Lee J. Schoen, Jeffrey Jon Inches, Schoen & Smith, Ltd., Daniel Glen Suber, John Stephen Kenefick, Daniel G. Suber & Associates, Chicago, IL, for Schaumburg AMC/Jeep Renault, Inc.

## *MEMORANDUM OPINION AND ORDER*

COAR, District Judge.

Two motions are currently before the court: Plaintiff Lisa Ann Roberts' Motion for Partial Summary Judgment on her complaint against Robert V. Rohrman, Inc. [docket 39] and Fourth Party Defendant Jeep Eagle of Schaumburg, Inc.'s Motion for Judgment on the Pleadings on Third–Party Defendant/Fourth Party Plaintiff Melissa Ann Mason's fourth party complaint [docket 32]. All the allegations in this matter arise out of numerous sale transactions involving a 1989 Jeep Wrangler with an odometer that does not reflect the actual mileage on the vehicle. The facts of the case are as follows.

On August 23, 1990, Plaintiff Lisa Ann Roberts ("Roberts") bought a 1989 Jeep Wrangler from Defendant Robert V. Rohrman, Inc. ("Rohrman") which had 10,350 miles on the odometer. Rohrman is a retailer of new and used automobiles in Schaumburg, Illinois. In connection with the sale, Roberts received a odometer disclosure statement, signed by a Rohrman representative, which stated the odometer on the Jeep in question read 10,350 miles and that reading reflected the actual mileage on the vehicle "to the best of [the seller's] knowledge." (Motion for Summary Judgment "MSJ" Ex. B). In addition, Roberts received a vehicle service agreement issued by Rohrman which stated that the odometer on the Jeep read 10,350 miles at the time of sale. (MSJ Ex. C).

Roberts alleges that, in fact, the odometer on the Jeep had been tampered with and the actual mileage on the vehicle was far in excess of 10,350 miles at the time of sale. Further, Roberts argues that she was misled by Rohrman's misrepresentations regarding the material fact of the mileage on the Jeep at the time of sale, and that she was misled by Rohrman's misrepresentations in deciding to purchase the vehicle.

Roberts filed this action on June 22, 1994 to redress her alleged injuries resulting from the misrepresentation regarding the mileage on the Jeep. Her complaint contains five counts, as follows: Count I alleges that Schaumburg Honda violated 15 U.S.C. § 1981 et seq., the "Federal Odometer Act"[1]; Count II alleges that Schaumburg Honda violated 814 ILCS 5/3–112.1 (the "State or Illinois Odometer Act"); Count III alleges that Schaumburg Honda violated the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"); Count IV alleges that Schaumburg Honda committed common law fraud; and Count V alleges that Schaumburg Honda breached an express warranty to the plaintiff.

Defendant Rohrman denies any liability associated with the increased mileage. Indeed, Rohrman sued Third–Party Defendant

---

[1]. The Federal Odometer Act, contained in the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991 (1982) was repealed on July 5, 1994, by Pub.L. 103–292, § 7b, 108 Stat. 1379, and was replaced by 42 U.S.C. §§ 32701– 32711. Because all of the relevant activities occurred before the old Act was repealed, this opinion applies that law and relies on precedent following the prior Act.

Melissa Ann Mason ("Mason") who was the previous owner of the Jeep in question and who sold the Jeep to Rohrman as a trade-in. Mason had certified that the odometer reading was correct "to the best of [her] knowledge" at 10,319 miles on an odometer disclosure statement similar to the one in question between Roberts and Rohrman. (MSJ Ex. J). Rohrman alleges that Mason fraudulently misrepresented the mileage on the Jeep when she traded it in on a new vehicle.

Mason also disavows liability for the mileage confusion. Continuing the chain of potential liability, Mason sued Fourth Party Defendant Jeep Eagle of Schaumburg, Inc. ("Schaumburg Jeep"), alleging that when Schaumburg Jeep sold the Jeep to her as a new vehicle she was told that the odometer needed repair, but she was *not* told that the odometer had been replaced twice without proper certification pursuant to the requirements of the Federal Odometer Act, 15 U.S.C. § 1987.

Roberts claims that these misrepresentations make the Jeep "virtually unmarketable," (Plaintiff's Reply in Support of Summary Judgment at 11), and claims actual, treble, and punitive damages, as well as attorneys' costs and fees in connection with the botched sale.

## I. *Jurisdiction*

Defendant Rohrman questions this court's jurisdiction to decide this case in its response to Roberts' motion for summary judgment although it admitted in its answer to Roberts' complaint that jurisdiction and venue were proper in this court. Rohrman argues that because Roberts did not move for summary judgment on the Federal Odometer Act claim, she clearly was using that claim only as a pretense to get into federal court, and therefore the court lacks jurisdiction to decide the complaint.

Plaintiff argues that simply because she has not moved for summary judgment on the federal claim does not mean that it was necessarily an artifice used to get to federal court. Plaintiff maintains that simply because genuine issues of material fact exist regarding the Federal Odometer Act claim, that fact alone in no way necessitates the

conclusion that the claim itself is bogus. This court agrees.

Plaintiff asserts that this court has jurisdiction over the Federal Odometer Act claim pursuant to 28 U.S.C. § 1332, and has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Section 1367 provides that once a district court has original jurisdiction over one claim in any civil action, that same court may adjudicate "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

Roberts has asserted that the odometer in the Jeep sold to her by Rohrman had (without her knowledge) been replaced two times. This, along with sufficient intent allegations which will be discussed below, is sufficient to state a claim under the Federal Odometer Act. Thus, this court has jurisdiction over count I based on 28 U.S.C. § 1332. The other state law claims arise out of the same sale of the same Jeep, and thus are part of the same "case or controversy."

## II. *Robert's Motion for Partial Summary Judgment*

Plaintiff Roberts has moved for summary judgment on count III brought pursuant to the ICFA, and count V alleging breach of express warranty.

### A. *Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56; *Hedberg v. Indiana Bell Telephone Co., Inc.,* 47 F.3d 928 (7th Cir.1995); *Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis,* 806 F.2d 146, 149 (7th Cir.1986). The movant has the burden of establishing that there is no genuine issue of material fact *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). If the moving party meets this burden, the non-moving party must then respond by setting forth specific facts which demonstrate the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); *see Curtis v. Bembenek*, 48 F.3d 281 (7th Cir.1995). All reasonable inferences from the record are to be drawn in favor of the non-moving party. *Johnson v. Runyon et al.*, 47 F.3d 911 (7th Cir.1995); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir.1994).

### B. *Count II: ICFA*

Plaintiff Roberts maintains that she prevails on her ICFA claim against Rohrman as a matter of law because (1) Rohrman represented the mileage on the Jeep; (2) that the representation was false; and (3) that Rohrman intended that Roberts rely on Rohrman's representation.

The Illinois Consumer Fraud Act, 815 ILCS 505/2, prohibits retailers misrepresenting any material fact "with intent that others rely on the concealment, suppression, or omission of such material fact" regardless of whether anyone is actually misled by the misrepresentation. 815 ILCS 505/2.[2] The Illinois legislature has given a "clear mandate ... that the courts ... are to utilize the Consumer Fraud Act to the utmost degree in eradicating all forms of deceptive and unfair business practices and to grant appropriate remedies to defrauded consumers." *Warren v. LeMay*, 142 Ill.App.3d 550, 96 Ill.Dec. 418, 426, 491 N.E.2d 464, 472 (5th Dist.1986) (quoting *American Buyers Club of Mt. Vernon v. Honecker*, 46 Ill.App.3d 252, 257, 5 Ill.Dec. 666, 670, 361 N.E.2d 1370, 1374 (1977)). Thus, Illinois courts have stated:

> By its own terms, the statute [the ICFA] requires only that a violator intend for a purchaser to rely on his acts or omissions. A party is considered to intend the necessary consequences of his own acts or conduct. *Posner v. Davis*, (1979) 76 Ill. App.3d 638, 643, 32 Ill.Dec. 186, 190, 395 N.E.2d 133, 137.

*Warren v. LeMay*, 96 Ill.Dec. at 428, 491 N.E.2d at 474; *see also Breckenridge v. Cambridge Homes, Inc.*, 152 Ill.2d 555, 190 Ill.Dec. 884, 622 N.E.2d 1201 (2d Dist.1993) (ICFA requires only that the defendant intend that the plaintiff rely on the information defendant gave to the plaintiff, as opposed to any intent on defendant's part to deceive); *Washington Courte Condominium Assoc. v. Washington–Golf Corp.*, 267 Ill.App.3d 790, 205 Ill.Dec. 248, 643 N.E.2d 199 (1st Dist. 1994); *Hoke v. Beck*, 224 Ill.App.3d 674, 167 Ill.Dec. 122, 587 N.E.2d 4 (3d Dist.1992). However, this court notes that the federal courts in Illinois have disagreed and have required at least some intent to defraud. *See, e.g., Haroco, Inc. v. American Nat. Bank and Trust Co of Chicago*, 38 F.3d 1429 (7th Cir.1994) (In order to establish ICFA violation and RICO violation, plaintiffs had to show that bank intended to engage in a scheme to defraud; *Branch–Hess Vending Svcs. Employees' Pension Trust v. Guebert*, 751 F.Supp. 1333 (C.D.Ill.1990) (Fact that defendant did not intend to deceive or mislead plaintiffs was fatal to their Illinois consumer fraud act claim). Of course, this court follows Illinois courts on issues of Illinois law,

2. 815 ILCS 505/2 provides:
 505/2. Unlawful practices—Construction with Federal Trade Commission Act
 § 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression, or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act. [15 U.S.C. § 45].

and Illinois law does not require intent to defraud under the ICFA.

Rohrman admits that it represented the mileage on the Jeep was 10,350 miles, (Answer ¶ 7), but it denies that the actual mileage on the Jeep was significantly more than 10,350 miles at the time of sale. A fact is "material" for purposes of the ICFA of the other party would have acted differently had she been aware of it. *Totz v. Continental DuPage Acura*, 236 Ill.App.3d 891, 177 Ill. Dec. 202, 602 N.E.2d 1374 (2d. Dist.1992). In an automobile transaction, mileage is a material fact. *See Ray Kim Ford, Inc. v. Daoud*, 750 F.Supp. 327 (N.D.Ill.1990). Roberts has submitted a Local Rule 12(m) statement in which she alleges that on February 22, 1990, while the Jeep was in Mason's control, it was serviced and the service receipt showed the Jeep's mileage to be 14,914 miles. (Roberts' Statement of Material Facts "SOMF" ¶ 11, app. F). Three months later, on March 15, 1990, the Jeep's odometer read 1,322, and later receipts showed the mileage gradually increasing until the Jeep was traded in at 10,350 miles to Rohrman. (SOMF ¶¶ 12–13, apps. G, H, & I). Rohrman has not refuted this evidence in the proper format pursuant to Local Rule 12(n), and therefore Rohrman is deemed to have admitted these facts. Thus, the court concludes that there is no genuine issue of material fact regarding the fact that the Jeep had significantly more mileage on it at the time of sale than 10,350 miles.

Rohrman admits that one of its representatives signed an odometer disclosure statement which stated that the odometer on the Jeep read 10,350 and "to the best of my [the representative's] knowledge that it [the odometer] reflects the actual mileage of the vehicle." (Motion for Summary Judgment "MSJ" Ex. B). Last, a representative for Rohrman signed a Vehicle Service Agreement in which the odometer reading was listed as 10,350 miles. (MSJ Ex. C). Thus, Rohrman misrepresented the actual mileage of on the Jeep at the time of sale not once, not twice, but *three* times (first, on the odometer itself; second, in the odometer disclosure statement; and third, in the service agreement). Because Illinois deems Rohr-

man to have intended the consequences of its conduct, this court must conclude that Rohrman intended that Roberts believe that the mileage on the Jeep at the time of sale was 10,350. *See Warren v. LeMay*, 96 Ill.Dec. at 428, 491 N.E.2d at 474. However, on these unique facts, that cannot end the inquiry.

Much ado has been made about the phrase "to the best of my knowledge" on the odometer disclosure statement. Rohrman argues that the phrase insulates it from liability because it renders the reading contained in the statement a merely subjective interpretation of the actual mileage on the vehicle. However, *both* of the odometer disclosure statements submitted as exhibits to the pleadings (that issued to Roberts from Rohrman, and from Mason to Rohrman) are verbatim copies of the form recommended as Appendix B to the Code of Federal Regulations ("CFR") on the Federal Odometer Act. 49 C.F.R. § 580.1 et seq. The Act itself *requires* that "any transferor [give] a written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle" stating either the mileage registered on the odometer is the actual mileage or that the actual mileage on the vehicle is unknown. 15 U.S.C. § 1988. To the extent that the regulation permits a transferor to limit her liability by using the wording set out in the regulation, the regulation may be inconsistent with the statute. The federal statute seems to require absolute disclosure of the mileage on a transferred vehicle, 15 U.S.C. § 1988 and this court is puzzled by the insertion of "to the best of my knowledge" in the sample form in the regulation.

There is an even more interesting issue raised by the interaction between the requirements of the Federal Odometer Act and the ICFA. If the language of the regulation is consistent with the federal disclosure statute, does the insertion of that language "to the best of my knowledge" limit or qualify the scope of the representation for purposes of the ICFA? The Illinois cases which have construed the ICFA appear to deal with instances in which the seller affirmatively *chooses* to make a representation about the product or service at issue. However, in this instance, federal (and state) law *require* the

seller to sign an odometer disclosure statement *in the form prescribed in the CFR.* Because the parties have not had the opportunity to address this issue of first impression to the extent desirable, this court will not grant summary judgment on this record devoid, as it is, of adequate briefing on this issue. This court notes that one possible outcome of this case would result in the imposition of strict liability on vendors like Rohrman, who have a statutory obligation to disclose the material fact of mileage on a vehicle at the time of sale. This may be a desirable result, but it may not be either Congress' intent when it drafted the Federal Odometer Act, nor the intent of the Illinois legislature when it drafted the ICFA. The motion for summary judgment will be denied without prejudice.

### C. Count V: Breach of Express Warranty

Roberts also moves for summary judgment on count V of her complaint alleging that Rohrman breached an express warranty given to her when the Jeep was sold. Roberts relies on the Uniform Commercial Code ("UCC") section 2–313, incorporated into Illinois law at 810 ILCS 5/2–313, to support her claim.

Section 2–313 provides that express warranties are created by either:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

or

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall confirm to the description ...

810 ILCS 5/2–313(1)(a), (1)(b). Moreover, "it is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty." 810 ILCS 5/2–313(2).

Mileage is a material fact in an automobile sale transaction. *See Ray Kim Ford, Inc. v. Daoud,* 750 F.Supp. 327 (N.D.Ill. 1990). Moreover, the decisive test in Illinois to determine whether a warranty exists is:

[W]hether the vendor assumes [responsibility] to assert a fact of which the buyer is ignorant, or merely states an opinion or judgment on a matter of which the vendor has no special knowledge, and on which the buyer may be expected also to have an opinion and to exercise his judgment. In the former case there is a warranty and in the latter there is not.

*Weiss v. Rockwell Mfg. Co, et al.,* 9 Ill.App.3d 906, 915, 293 N.E.2d 375, 381 (1st Dist.1973) (quoting *Keller v. Flynn,* 346 Ill.App. 499, 508, 105 N.E.2d 532, 536 (1952)); *see also Coryell v. Lombard Lincoln–Mercury Merkur, Inc.,* 189 Ill.App.3d 163, 136 Ill.Dec. 379, 383, 544 N.E.2d 1154, 1158 (2d Dist.1989) (same).

The repeated representations regarding the mileage on the Jeep at the time of sale dealt with a fact about which Roberts, as an individual consumer, was ignorant except to the extent that she could read an odometer and an odometer disclosure statement. Rohrman, by contrast, is a commercial vendor of new and used automobiles, and, moreover, admits that it performed certain inspections on the Jeep in question prior to sale. Specifically it admitted in response to Plaintiff's First Set of Interrogatories that as part of its normal practice, it inspected the major systems of the Jeep such as the transmission and the engine, the condition of the body, and the tires. (SOMF ¶ 16, Appendix K, App. L). However, no evidence has been submitted to show that the inspections reasonably performed by Rohrman would have discovered that the mileage on the odometer was incorrect. *See* (Defendant's Response to Plaintiff's Motion for Partial Summary Judgment p. 2). Plaintiff argues that the wear on the engine was not consistent with a Jeep with only 10,350 miles, but no evidence in support of this assertion has been offered and this may be a very material fact. Moreover, Rohrman cites an affidavit of Al Marzano,[3] business manager of Rohrman, which

---

3. The court does not appear to have a copy of this affidavit. The practice of referring to an

states that nothing in the mechanical inspection of the Jeep, performed on August 10, 1990 as part of the acceptance of the vehicle as a trade-in revealed that the odometer had been tampered with. Indeed, Marzano stated that Rohrman did not have access to the warranty information or mileage data on file at the Chrysler Corporation (which might have alerted him to the odometer inconsistencies). *See id.* pp. 2–3.

Thus, although it appears that Rohrman may have assumed responsibility for asserting the mileage on the vehicle by signing the odometer disclosure statement, there is no evidence showing that the inspection would have discovered the problem. This court cannot conclude as a matter of law that Rohrman is responsible for granting an express warranty on the mileage without such a factual finding, and it must be proved at trial. This court concludes that Rohrman's repeated representation that the mileage on the Jeep at the time of sale was 10,350 was an affirmation of fact but does not necessarily give rise to an express warranty. Roberts will not receive summary judgment on this claim.

### III. *Schaumburg Jeep's Motion on the Pleadings*

Fourth–Party Defendant Schaumburg Jeep has moved for Judgment on the Pleadings on Fourth–Party Plaintiff Melissa Mason's Fourth Party Complaint. Schaumburg Jeep argues that Mason in essence claims indemnity or contribution, both of which are prohibited under the Federal Odometer Act. Mason argues that she seeks *damages, not* indemnity or contribution, in her Fourth–Party Complaint, and therefore Schaumburg Jeep's motion for Judgment on the Pleadings should be denied.

### A. *Legal Standard for Judgment on the Pleadings*

■■■ A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is appropriate where the material facts of a case are not in dispute, and a judgment on the merits may be achieved by focussing on

the legal issues and agreed facts in the case. Wright & Miller, 5A Federal Practice and Procedure: Civil 2d § 1367 pp. 509–10 (1990). If the pleadings do not resolve all of the factual disputes, a trial is more appropriate than a judgment on the pleadings. *Id.* at 514. As in a motion to dismiss, in deciding a motion for judgment on the pleadings, the court views the facts in the light most favorable to the non-moving party. Wright & Miller, 5A Federal Practice and Procedure: Civil 2d § 1368 pp. 518–19 (1990). All of the well-pleaded allegations in the non-moving party's pleadings are taken as true. *Gillman v. Burlington Northern R.R. Co.,* 878 F.2d 1020 (7th Cir.1989). All reasonable inferences from these facts are also given to the non-movant. *National Fidelity Life Ins. Co. v. Karaganis,* 811 F.2d 357 (7th Cir. 1987).

### B. *Discussion*

Schaumburg Jeep argues that Mason's Fourth Party Complaint "in effect" prays for indemnity and contribution. Schaumburg Jeep further argues that the Federal Odometer Act prohibits indemnification or contribution actions, and therefore Mason's complaint must be dismissed. Mason argues that her complaint is not one for indemnification and contribution, that she states a claim for herself against Schaumburg Jeep for violations of the Federal Odometer Act.

Mason's complaint is ambiguous regarding what relief she requests, and for whom. She prays for the following:

A. That SCHAUMBURG AMC/JEEP RENAULT, INC. d/b/a A–J–R OF SCHAUMBURG, INC. is liable to the Plaintiff, LISA ANN ROBERTS for all of the damages, costs, attorney's fees and other relief claimed;

B. For judgment against SCHAUMBURG AMC/JEEP RENAULT, INC. d/b/a A–J–R OF SCHAUMBURG, INC. in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000) for fraud.

affidavit not submitted in opposition to a motion for summary judgment clearly violates Local Rule 12(n). Nonetheless, as the plaintiff has not objected to the truthfulness of Rohrman's representation of the contents of the affidavit, this court will take the representations as true for the purpose of deciding Roberts' partial motion for summary judgment.

C. For judgment against SCHAUMBURG AMC/JEEP RENAULT, INC. d/b/a A–J–R OF SCHAUMBURG, INC. in favor of MELISSA ANN MASON for violations of the Odometer Act.

D. For attorney's fees and costs of litigation.

E. For such other relief as may be equitable and just.

For ease of analysis, this court will deem "A," "B," and "C" to represent three separate counts of Mason's complaint, as each seeks separate relief. "B" and "C" seek judgment from Schaumburg Jeep *in favor of* Mason on her own behalf, and therefore will not be addressed further.

It is clear that "A" seeks judgment in favor of the original plaintiff Lisa Roberts; it clearly states that it seeks judgment "in favor of the Plaintiff LISA ANN ROBERTS." How Mason claims to have standing to seek judgment for Roberts is far from clear to this court except if Mason *is* seeking contribution or indemnification in count A.

 Contribution is a principle whereby a tortfeasor against whom a judgment is rendered is entitled to recover proportional shares of judgment from other joint tortfeasors whose negligence contributed to the injury and who is also liable to the plaintiff. Black's Law Dictionary 297 (5th Ed.1979). Indemnity is an assurance by which one person engages to secure another against an anticipated loss or to prevent him from being "damnified by the legal consequences of an act or forbearance on the part of one of the parties or of some third person. Term pertains to liability for loss shifted from one person held legally responsible to another person." Black's Law Dictionary 692 (5th Ed.1979).

Several federal courts have held that odometer tampering defendants are separately liable under the Federal Odometer Act, and are not entitled to assert crossclaims against each other for indemnity or contribution. *Ferris v. Haymore et al.*, 967 F.2d 946, 955–56 (4th Cir.1992) (citing *Charnetsky v. Gus Paulos Chevrolet, Inc.*, 754 F.Supp. 188, 190–91 (D.Utah 1991); *Mataya v. Behm Motors, Inc.*, 409 F.Supp. 65, 70 (E.D.Wis.1976); *Stier v. Park Pontiac, Inc.*, 391 F.Supp. 397, 401 (S.D.W.Va.1975)).

However, others permit contribution claims among codefendants, or at least hold the plaintiff to one recovery, lessened by any amount of previous settlement obtained from other codefendants. *Rice v. Gustavel*, 891 F.2d 594, 596–97 (6th Cir.1989) (Because tort liability is usually joint and several among codefendants, and Federal Odometer Statute did nothing to affirmatively modify this analysis, court denied plaintiff's request to impose separate and individual liability for the full trial court judgment); *Slaymaker v. Westgate State Bank*, 241 Kan. 525, 739 P.2d 444 (1987) (Liability under the Federal Odometer Act is joint and several and not separate and individual); *Duval v. Midwest Auto City*, 425 F.Supp. 1381, 1382 (D.Neb. 1977), *aff'd*, 578 F.2d 721 (8th Cir.1978) (Where one defendant settled for an amount greater than the trial court concluded the actual damages to be, trial court did not allow plaintiffs to recover actual damages from remaining defendant, although liability was established and attorney's fees awarded.).

 Read fairly together, these two veins of case law lead this court to the conclusion that Mason should be allowed to recover from Schaumburg Jeep on an indemnity or contribution claim. The general rule of tort law imposes liability on multiple tortfeasors through joint and several liability. The parties have not pointed out any provision of the Federal Odometer Act which changes this general rule, and the Court's independent analysis has found a similar void. While it is true that the purpose of the Act was to prevent odometer tampering, this may be done just as effectively using a form of joint and several liability, or indemnification or contribution. This court respectfully disagrees with the Fourth Circuit's conclusion in *Ferris v. Haymore et al.*, 967 F.2d at 956, on these facts. *Ferris v. Haymore et al.* extends individual and separate treble liability for violations of the Federal Odometer Act to consumers in the chain of title of a vehicle in which, unbeknownst to the consumer-owner, the odometer had been tampered with in the course of repairs. This inequity is mag

**554**

nified by the fact that the Act does not limit standing to actual purchasers of the vehicle in question. 15 U.S.C. § 1989. Holding an individual consumer liable for violations of the Act which she may or may not be aware of is inappropriate in light of the broad enforcement capabilities under the act. This court might decide differently if the cause of action under the Act rested only with the individual or corporation who suffered a loss as a result of a tampered odometer. If that were the case, the statute would simply encourage prosecution down the chain of ownership, and therefore the loss will ultimately rest with the original tortfeasor. However, that is not how the statute is worded; anyone may bring an action to enforce the Act, and the violator "shall be liable" for treble damages actually sustained *or $1,500, whichever is greater.* 15 U.S.C. § 1989. Thus, each sale of the vehicle constitutes a separate violation of the Federal Odometer Act, and each time the Act is enforced, the violator must pay at least $1,500. Moreover, this is not a typical joint tortfeasor case in which multiple actors activities *combine* to produce *one* tort. Each sale is a separate violation of the act. Mason may sustain her claim for contribution or indemnity on the Federal Odometer Act. Of course, in the "upper" stages of this litigation (between the first, second, and third-party plaintiffs and defendants), both Federal and Illinois Odometer Act violations have been alleged. No argument has been made regarding the availability of indemnity or contribution in the Illinois Odometer Act context, and the court expresses no opinion about the availability thereof.

### CONCLUSION

WHEREFORE, for reasons stated in this memorandum opinion, it is hereby ordered that Plaintiff Lisa Ann Roberts' motion for partial summary judgment is denied as to count II pled under the Illinois Consumer Fraud Act, and denied as to count V regarding the breach of an alleged express warranty.

It is also hereby ordered that, for reasons stated in this memorandum opinion, Fourth Party Defendant Schaumburg Jeep's motion for judgment on the pleadings is denied.